McManama vs. Garnett.

3me517
92 256,
3me 517
120 268

CASE 13—PETITION EQUITY—JANUARY 4.

# McManama vs. Garnett.

#### APPEAL FROM BOONE CIRCUIT COURT.

Circuit courts have no power, after the expiration of the term, to vacate or modify a judgment or final order, except in the mode and on the grounds specified in the Civil Code.

The power given by the Revised Statutes to the circuit court to "extend" the term, is simply the power to *prolong* or *continue* the term, whenever this can be done without interfering with other courts in the district. Where the term fixed by law expired in April, the court could not, by an adjournment to July, retain power over its judgments and final orders rendered in April.

A special term of the circuit court may be appointed either in term time or in vacation, but in neither case is it to be regarded as an extension or continuation of the previous term. The legal effect of an order adjourning the April term to a day in July, is not an extension of the April term, but the appointment of a special term, at which the court has no jurisdiction to vacate or modify a final judgment rendered in April, as at an extension of that term.

MOOAR & O'HARA, for appellant, cited 1 *Bibb*, 201.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

At the April term, 1858, of the Boone circuit court, the appellant recovered a judgment against the appellee for the amount of the note sued on, and for a foreclosure of the mortgage. This was, of course, a *final* judgment.

But, in *July* following, an order appears to have been made, to the effect, that "the defendant by his attorney moved the court to set aside the judgment rendered herein against him in April, (*this being an adjournment of the April term,*") which motion, having been continued until the September term, was then sustained, and, subsequently, a judgment was rendered dismissing the plaintiff's petition; to reverse which, as well as the order setting aside his original judgment, he prosecutes this appeal.

The circuit courts have no power, after the expiration of the term, to vacate or modify a judgment or final order, except in the mode and on the grounds specified in the Civil Code. (*Sections* 579, 581.)

Inasmuch as the proceeding authorized by these provisions was not resorted to, it follows that the action of the court below, in setting aside the judgment of the April term, cannot be sustained, except upon the assumption that that term had not expired when the order of July was made.

But can this assumption be maintained? We think not.

The April term of the Boone circuit court, as fixed by law, commences on the third Monday, continuing *twelve* juridical days only. The legal term, then, must necessarily have expired even before the first Monday in May. The court, below, however, seems to have gone upon the idea that the July term was but an *extension*, or, as it is styled in the order quoted, "an *adjournment* of the *April term*," and that by such *adjournment* the court retained control over all the judgments and final orders of the previous regular term.

It is true that "when the business of the court may require it, the judge, by order of the court, shall *extend* the term of such court, whenever it can be done without interfering with any other term of the court in his district." (1 *Rev. Statutes, sec. 2, page* 312.)

The evident object of this statute requires that its language should be construed according to its ordinary and natural import. The power intended to be conferred upon the courts was simply the power to *prolong* or *continue* the term, whenever this could be done without interfering with other courts. Such is the plain literal meaning of the word *extend*, and such is the sense in which it was here used. Can it be supposed that the legislature intended, by this grant of power, to enable the circuit courts to retain full control over all the judgments and final orders of a regular term, by an *adjournment* to any future day, however distant? Certainly not. And yet this would be the result of the construction we are opposing. If, in the case before us, the judge had the right to *extend* the April term to the month of July, he had a right so to extend it to the month of December, or indeed to any future period.

The error of the court seems to have arisen from the failure to distinguish between the power to extend the term, as given by the section which has been quoted, and the power to ap-

point special terms as conferred by *article XII* of the same chapter. (*Page* 321.) These special terms may be appointed either in term time or in vacation, but in neither case are they to be regarded as an extension or continuation of the previous term.

The legal effect, then, of the order which appears to have been made, *adjourning* the April term of the Boone circuit court to some day in July, was not an extension of the April term, but the appointment of a special term, at which the court had no jurisdiction to vacate or modify the judgment in question.

The judgment is therefore reversed, and the cause remanded with directions to set aside all the orders and proceedings which were made and had subsequent to the rendition of the final judgment in April, 1858.