OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1883.

CASE 105—ORDINARY—JANUARY 4, 1883.

80 587|
93 255
80 587|
d101 723|

## Maynard v. The Commonwealth for &c.

## Same v. Same.

APPEAL FROM LAWRENCE CIRCUIT COURT.

1. The power to take the bond of a sheriff as collector of the county levy is regulated by the statute.
2. There is no provision of the statute authorizing the execution of a. bond for the collection of the county levy until the term at which the levy is imposed, or at a subsequent term.
3. The liability of the sureties on the bond cannot be created until the term at which the levy is made, or at a subsequent term of court. The bond is not good, either as a statutory or common law obligation, having been executed before the levy was imposed.

BROWN & BROWN, M. J. FURGUSON, AND ALEX. LACKEY FOR APPELLANTS.

1. The bond sued upon was not taken at the term required by law. (Chap. 27, art. 2, sec. 4, Gen. Stat.)
2. Executed before the county levy was imposed, the bond is void.

W. C. IRELAND FOR APPELLEES.

No brief in the record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Chapter 27 of the General Statutes, section 4 of article 2, makes the sheriff, by virtue of his office, collector of the

county levy, and provides that "he shall, at the term of the court when the levy is imposed, or at any subsequent term of said court, before he proceeds to collect the county levy, execute bond, payable to the Commonwealth of Kentucky, with one or more sureties, whose aggregate estate, subject to execution after the payment of all their debts and liabilities, shall be equal to double the amount of the whole levy ordered to be collected."

The power to take the bond, and the time of its execution, is conferred and regulated by the statute, and we find no provision authorizing the execution of a bond for the collection of the county levy until the term at which the levy is imposed, or at a subsequent term.

In this case the sheriff qualified in August, 1877, and then executed the bond upon which the present action was instituted for the collection of the county levy for the year 1878.

No levy was imposed until the November term, 1877, three months after the bond was executed. There was then no obligation upon the sheriff to collect the levy, as none had been imposed. While the sheriff, by virtue of his office, is made collector of the county levy, this duty does not arise before the term of the court at which he is required to execute the bond. He is not required to execute a bond until he is authorized to discharge this duty; and while it may necessarily follow that, as sheriff, he will have to collect the levy, we are aware of no provision of the statute authorizing the county judge to anticipate the action of the court of claims, and take from the sheriff a bond at a term preceding that at which the levy is laid. Although the sureties may be liable for a levy laid after the execution of the bond, they can approximate the extent of their liability at the levy

term, either by inquiring as to what it will probably be or from the actual figures, if the bond is executed after the levy is imposed.

The county court and the sureties can then act advisedly as to the amount of the bond necessary to be given. The sureties will know what liability they are assuming, and the county judge is then informed as to the amount of the bond required. It has been argued that the execution of the bond after the levy is ascertained is for the benefit of the county alone. We think not; but if this fact be conceded, the statute fixes the time when the sureties can assume to be bound for the sheriff, and the liability does not exist, and cannot be created under such an enactment, until the term at which the levy is made, or at a subsequent term, and for this reason we think it is not good either as a common law or statutory obligation, and particularly so when the same statute has provided the manner in which the liability may be enforced in the event this bond has not been executed.

The judgment below is therefore reversed, and cause remanded, with directions to sustain the demurrer to the petition.

This opinion applies to cases 297, 298.