93 254
†101 724

CASE 41—PETITION ORDINARY—MAY 28.

# Wilson, Receiver, v. Linville, &c.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

1. A COUNTY LEVY BOND IS VALID if executed by the sheriff during the term at which the levy is imposed, although executed before the imposition of the levy.

2. THE COURT OF CLAIMS MAY EXTEND ITS TERM by adjourning over to a future time. Therefore, where the court met in October, and after making certain allowances adjourned to meet again in February, when it met and made a levy, there was a continuous term, and a levy bond taken by the county judge in December is valid.

HANSON KENNEDY, ROSS & OWENS, J. J. OSBORNE FOR APPELLANT.

1. The statute does not require that the sheriff's county levy bond shall be taken by the county levy court. The court presided over by the county judge *alone* is the proper court to take the bond. (Thompson v. Commonwealth, 10 Ky. Law Rep., 118; Gen. Stats., chap. 28, art, 2, sec. 4.)

2. The meeting of the county levy court on the 14th day of October, 1889, and on the third Monday of February, 1890, was one and the same term of court. (Gen. Stats., chap. 28, art. 17, sec. 1.)

3. The county levy bond is not invalid because it is executed before the levy is *actually* made, provided it is executed at the same term the levy is made, or at a subsequent term. (Maynard, &c., v. Commonwealth, &c., 80 Ky., 584; Thompson v. Commonwealth, &c., 10 Ky. Law Rep., 118.)

WINFIELD BUCKLER FOR APPELLEES.

1. As the county levy bond was taken before the levy was made, it is not good for any purpose. (Maynard v. Commonwealth, 80 Ky., 585.)

2. The allegation in appellant's pleading, that the session of February 17, 1890, was an adjourned session of the October Term, 1889, is a mere conclusion of law not justified by the facts. (McManama v. Garnett, 3 Met., 517.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Court of Claims for the county of Robertson assembled on the 14th of October, in the year 1889, its reg-

ular time for meeting, and, after passing on many claims against the county and making the allowance therefor, adjourned to meet again on the third Monday in February, 1890. They met on the day to which they had adjourned and, making an additional allowance of a few dollars against the county, again adjourned, after making a levy to meet the county indebtedness.

On the 16th of December, 1889, the county judge alone took the county levy bond at a session of his county court, that was never approved by the magistrates associated with him as a levy court. It is claimed that the county judge had no power to take the bond, and if the right existed, that the bond was invalid, because executed before the levy was imposed. In the case of Maynard v. The Commonwealth, reported in 80 Ky., 987, the county judge took the bond of the sheriff before the meeting of the Court of Claims, and before any allowance of claims against the county had been made. There was then neither a liability to any one on the part of the county, or an obligation on the sheriff to collect. That case also plainly indicates that the sureties offered on the bond may become liable, although the levy is laid after the bond is executed. If executed when the Court of Claims meet, they can then ascertain by the allowances made, or by inquiring as to the liability of the county, what responsibility they are assuming; and if the sheriff chooses to give his bond at or during the term the court is being held, there is no reason why the bond should not be held valid.

The Court of Claims had met, ascertained, or nearly so, the indebtedness of the county, and the sheriff, after the adjournment and before the next meeting, executed

his bond, and having done so his sureties are liable. Besides, there was but the one term of the court, extended from October until February, and during that period this bond was given. The fact that the bond was executed before the levy was actually made does not invalidate it.

It was executed during the term, and every opportunity afforded the sureties for ascertaining their liability. A final judgment rendered by the circuit court can not be set aside after the expiration of the term upon mere motion, but such a case has no analogy to this case; nor can the circuit court extend the term so as to give the jurisdiction when the extension interferes with other terms of the court in the same judicial district. This was the case of McManama v. Garnett, 3 Met., 517, and is no doubt the law, but in this case no such question arises. Here, the court had the right to adjourn over, not only one month but longer, if deemed necessary. There is no limitation to its power in this regard. It could not, doubtless, adjourn over until the next regular term for making the levy; but this they have not done. Suppose, on the day of the regular meeting in October, the sheriff had executed his bond, and the amount of the levy was not ascertained until the next day, it could scarcely be held that the bond had no validity; still, if the appellee's theory is correct, the bond is not valid unless executed after the levy is imposed. This meaning should not be attached to the statute. "*He shall at the term of the court when the levy is imposed, or any subsequent term,*" execute bond, etc. The bond was executed during the term, and accepted and approved by the county judge, who was authorized to take it. The judgment is reversed and remanded for proceedings consistent with this opinion.