CASE 101—PETITION ORDINARY—OCTOBER 7.

101 715
110 168

# Lyons, &c. v. Breckinridge County Court.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. SHERIFFS—COUNTY LEVY BOND—SURETIES—PLEADING—SETTLE-
MENTS.—In an action against the sureties of a sheriff on his county
levy bond to recover certain taxes, which he had failed to pay over,
and the amount of which had been ascertained in a settlement made
with the sheriff by a commissioner appointed by the county
court for that purpose, the allegations in the answer of the
sureties that they had no knowledge or information upon which
to found a belief as to whether the sheriff collected the taxes
referred to in the petition or that the settlement made by the
sheriff with the commissioner was correct, are insufficient to
impeach the settlement sued on; settlements once made can not
be opened unless the particular items constituting the mistakes
are no t .,  ' t, and allegations of general error are not sufficient.
2. SAME.—The fact that the county levy bond was executed before
the levy was actually made by the county court does not in-
validate it if it is executed during the term at which the levy
is made, and every effort is afforded the sureties for ascertaining
their liability.  In this case the motion was made and entered
of record to levy taxes at a meeting of the county court in
November, 1890, and the court adjourned until January, 1891,
without acting upon the motion; and at the adjourned term in
January, 1891, the motion was taken up and the order made
levying the tax, and it is held that the bond of the. sureties
which was executed, between the adjournment in November,
1890 and the adjourned term in January, 1891, was in contempla-
tion of law executed during the term of court.    ⁰
3. ESTOPPEL.—There being no allegation that any injunction was
ever commenced against the sheriff, or that any order was ever
made against the county court suspending the collection of the
taxes, or that the sheriff was by any legal process prevented
from enforcing their collection, the fact that the judge of the
county court and the justices thereof, and the tax payers of the
district, declared publicly their opinion, that the bonds and in-
terest coupons for the payment of which the levy was made,
were illegal and void, and that the levy was illegal and un-

authorized, and threatened to enjoin the sheriff from collecting the taxes, does not constitute a good defense by the sureties.

4. RES ADJUDICATA.—The fact that it had been adjudged in an action against the sheriff on his official bond that he was not liable thereon for default in the collection of the taxes sued for does not constitute a bar to this action against him on the county levy bond.

J. A. DEAN FOR APPELLANTS.

1. The demurrer to the petition should have been sustained because it fails to show that the bond sued on was executed at the term at which the county levy was made, or at a subsequent term, and therefore is not binding upon the sureties. Minnaird v. Commonwealth, 80 Ky., 587; Wilson v. Lynnville, 93 Ky., 250; Gen. Stat., sec. 4, art. 2, chap. 27.

2. The conduct of the county officers, the county court itself, and the taxpayers of the district as set out in the answer was a material interference with the sheriff in the performance of his duties, and delayed and rendered more difficult the collection of the tax, which was levied for the benefit of the residents of the district, and they thereby increased the hazard of the sureties on the sheriff's bond, which operates to release them. Martin v. Dailey, 8 Bush, 386; Craig v. Cox, 2 Bibb, 309; Howes v. Sanders, 3 Bibb, 360; Calloway v. Snapp, 78 Ky., 561; Aaron v. Mendel, 78 Ky., 428; Taylor v. Bank of Ky., 2 J. J. M., 568.

3. In the original action, which was a suit both on the county levy and the general official bonds of the sheriff, the same parties being sureties in each, the plaintiff was required to elect and elected to proceed against the general official bond, and no order was made dismissing the action on the county levy bond, until the final judgment which dismissed the whole action; the petition should have been dismissed without prejudice as to the county levy bond. Jones v. Johnson, 10 Bush, 649.

4. Under certain contingencies provided for in section 9, article 3, chapter 27 of the General Statutes, the general official bond of the sheriff might be liable, and having elected to proceed on that bond, they can not pursue an inconsistent remedy. 6 Amer. & Eng. Enc. of Law, p. 250.

GEORGE W. JOLLY, AND HORACE JOLLY FOR APPELLEES.

1. If the sheriff neglected to collect the taxes he and his sureties are liable for this plain breach of the bond, and the allegation

by the sureties that they lacked knowledge or information as to whether he collected the list was therefore insufficient.

2. Settlements once made can not be opened except by showing the particular fraud or the particular item constituting the mistake;. (81 Ky., 139, 147; 11 Bush, 120), but in this case there is not even a general allegation of fraud or mistake.

3. The term of the county court may in fact extend over several days, but in law it is considered as one day and one term; (Dye v. Knox, 1 Bibb, 375; Garrard County Court v. McKee, 11 Bush, 238; Wilson v. Linnville, 93 Ky., 254), and the motion to make the levy having been made in November, 1890, at the regular meeting of the county court, and having been acted upon at the adjourned meeting of that term held in January, 1891, the levy was in contemplation of law made at the November term, 1890. Minnaird v. Commonwealth, 80 Ky., 578; Wilson v. Linnville,. 93 Ky., 254.

4 There is no such allegation as shows that the sheriff was prevented or hindered in any way from collecting the taxes; mere expressions of opinion that they were illegal and void could not have hindered him.

5. A judgment rendered in the action on the official bond is not a bar to this action on the county levy bond; the one contains entirely different covenants from the other, and was executed for entirely different purposes; a judgment in a former suit can never be successfully pleaded as a bar except as it is based upon the facts of the latter case. Freeman on Judgments, secs. 252, 256; Bell v. Melfield, 109 N. Y., 202; (4 Amer. St. Rept., 436).

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by the appellees, the Breckinridge County Court and the Hardinsburg and Rough Creek magisterial precincts, on the county levy bond, executed by the sheriff of Breckinridge county, on the 5th day of January, 1891, to recover a balance of $4,079.08, alleged to be due from him on the county levy of 1891, as shown by a settlement made by him with the commissioner of the county court in April, 1894, for money collected as a tax which was regularly and properly levied upon the Hardinsburg magisterial district and a part of the Rough Creek magis-

terial precinct, to pay the semi-annual installment of interest
due upon certain bonds and to provide for the payment of
the principal of those bonds which was voted by this terri-
tory to aid in constructing a railroad from a point in
Breckinridge county, on the line of the Louisville, St. Louis
and Texas R. R., through the town of Hardinsburg to some
point in the western part of the county.

The allegations of the petition are that in August, 1890,
J. S. Dejarnett was duly elected sheriff of Breckinridge
county for a term of two years; that on the first Monday in
January, 1891, he qualified as such officer and executed
the bonds required by law; that on the 5th day of January,
1891, the defendant, Dejarnett, as sheriff, with the other
defendants as sureties, duly signed and delivered in and to
the Breckinridge County Court a bond, whereby the defend-
ants, jointly and severally, bound and obligated themselves
to the Commonwealth of Kentucky that Dejarnett, as sheriff,
would collect, account for and pay over to the persons enti-
tled to receive same, according to law, the county levy and
public dues of the county of Breckinridge for the year 1891,
and that when called upon he would settle the accounts and
pay over the amounts of any public money in his hands
belonging to the county. (A certified copy of this bond is
filed with the petition.)

It is further alleged that pursuant to an act of the legis-
lature incorporating the Louisville, Hardinsburg & Western
Railway Co. the company had located and constructed a
line of railroad from Irvington, on the Louisville, St. Louis
& Texas R. R., through the county, near Hardinsburg and
the Falls of Rough, in Breckinridge county, and that, as

provided by the act of incorporation, the magisterial pre-
cincts of Hardinsburg and Falls of Rough had voted in
favor of a subscription of $60,000 to the stock of the com-
pany, to be paid for in coupon bonds of those precincts;
that a subscription for this stock was duly made and bonds
issued on the 1st day of July, 1889, due and payable thirty
years after date, with interest coupons attached for the
semi-annual interest; and that by the terms of this act it was
provided that an annual tax should be levied to pay the
semi-annual installments of interest on the bonds and the
principal of the bonds at maturity; that at the November
term, 1890, of the Breckinridge County Court—composed
of the county judge and the justices of the peace of the
county—a motion was made to levy a tax in the Hardinsburg
magisterial district and that part of the falls of Rough
Creek magisterial district included in the tax territory,
this territory constituting the same district for which the
bonds had been issued as aforesaid, to pay the semi-annual
interest on the bonds and to provide for the payment of the
principal of the bonds, was duly entered of record on the
order book of the court (a certified copy of the order and the
written motion were filed as exhibits with the petition);
that the court, after allowing some claims against the county
and transacting other business, adjourned to the third
Monday in January, 1891, when it again met, pursuant to
adjournment the judge and justices of the peace being
present; that the court duly made a levy of 60 cents on each
and every hundred dollars' worth of property in that pre-
cinct as assessed for the year 1891 for the purpose of paying
the interest on the bonds and providing for the payment of

the principal of the bonds; that the sheriff of the county was by the order directed to collect the taxes and pay the fund when collected to the holders of the coupons; that a commissioner was appointed by the court to make out from the assessor's book for the year 1891, a tax book, containing a list of the persons and the property so taxable in the district, and the kind and assessed value thereof, and deliver the same to the sheriff; and the sheriff was ordered to collect the list and to make settlement, as and at the same time he was required to make settlement of the county levy taxes, and that any excess of such taxes in his hands, after the payment of the interest aforesaid, shall be paid by him to such persons as the court may direct; and a copy of this order is filed and made a part of the petition.

It is further alleged that the commissioner duly made from the commissioner's and assessor's book for the year 1891 a tax book, containing a list of all the property taxable under that levy in the district aforesaid, the kind and assessed value thereof, and before the 1st day of March, 1891, delivered this tax book to the defendant, Dejarnett, as sheriff, and the defendant, as sheriff, proceeded to, and did, collect the list referred to, the assessed value of the taxable property of the list amounting to the sum of $1,076,710, and the amount of tax thereon, at the rate of 60 cents on each hundred dollars thereof, is the sum of $6,460.26; that on the 20th day of April, 1894, the defendant, Dejarnett, as sheriff, made a settlement with John E. Monarch, the commissioner of the county appointed for that purpose, in which he was charged with the amount of the tax due on the list, viz., $6,460.26, and credited by the

commissioner with $2,318.18, leaving a balance in his hands amounting to $4,079.08. This report of settlement was duly filed at the June term, 1894, of the Breckinridge County Court and was confirmed and ordered to record by that court. Copies of that settlement, and the order approving and confirming same, were filed as parts of the petition.

It is further alleged that no part of this $4,079.08 has ever been paid by the defendant, Dejarnett; that he had broken the covenant of his bond in not accounting for and paying over to the persons entitled to receive this money, and a judgment was asked for this sum, with interest from the 1st day of January, 1892, until paid. The securities in the sheriff's bond filed first a general demurrer to the petition. The main ground relied on to sustain this demurrer is that the petition fails to show that the bond sued on was taken at the term at which the county levy was made or at a subsequent term. This demurrer was, we think, properly overruled for reasons hereafter given. The sureties in the sheriff's bond then filed their answer and resisted judgment on several grounds, which answer sets out in detail and expressly the grounds which were relied on in the general demurrer.

By the first paragraph of this answer they allege that they have no knowledge or information upon which to found a belief as to whether the sheriff collected the tax referred to in the petition or that the settlement made by the sheriff with the commissioner was correct; that they did not know, and have no means of knowing, how much he collected more than the sum of $2,000, which is admitted to have been paid on the bond coupons mentioned in the petition; and

(46)

they deny that he has not accounted for and paid to the persons entitled to receive the money so collected.

We .do not think the allegations of this paragraph are sufficient to impeach the settlement sued on, as settlements once made can not be opened unless the particular items constituting the mistakes are pointed out (81 Ky., 139, and 11 Bush, 120), and·"courts of equity will not open settled accounts except for frauds or errors distinctly specified in the bill and supported by the evidence." Allegations of general errors are not enough; specific errors must be pointed out (Storey's Equity, section 800, and Adams on Equity, page 452). The allegations of this paragraph are too indefinite, and the demurrer to it was properly sustained.

By the second paragraph of the answer the appellants allege that neither, at the November term, 1890, nor at the January term, 1891, of the county court, was the indebtedness of the county payable out of the county levy for 1891, or any claim against the county payable out of the levy ascertained, stated or allowed; that at the date of the execution of the bond the county court had not ascertained the amount of the county levy for 1891 or any of it, nor ascertained or allowed any claims payable out of the county levy, or made any such levy or ascertained the indebtedness of the tax district, nor levied any claims against the district or assessed the taxable property; that none of these things had been done at the November term, 1891; that the securities did not know, and had no means of knowing, the extent of their liability at the date of the execution of the bond, and that the county had, therefore, no authority to take the bond, and that it was void.

It appears from the allegations of the petition and the exhibits which accompany it that the county court of Breckinridge county met at its regular term in November, 1890; that at this term the application was made and entered of record to levy a tax to pay the interest and principal of the $60,000 of bonds; that the court adjourned until January, 1891, when it again met, and the motion was taken up and the order was made levying the tax of 60 cents to pay for the bonds. The tax was levied at the adjourned term, held in January, 1891, of the regular November term, 1890, of the court. It is not important that a pleader should aver all the preliminary facts requisite to the exercise of a power by the county court to levy a tax to meet an obligation due by the county. The fact that they met; that they regularly entered an order making this levy; that the list and amount of tax so ordered to be collected was placed in the hands of the sheriff, and that the tax was collected by him which had been levied under such order, and that he settled his accounts as collector of the taxes for this specific purpose, is averred.

Section 4, article 2 of chapter 27 of the General Statutes provides that a sheriff shall, at the time a levy is imposed or at a subsequent term execute a bond for the collection of the county levy. It is true that this court held, in the case of Maynard v. Commonwealth, 80 Ky., 587, that this statute does not authorize the execution of a bond for the collection of the county levy until the term at which the levy is imposed or at a subsequent term. In that case the sheriff qualified and executed a bond for the county levy in August, 1877, while there was no meeting of the fiscal court

or levy for county purposes until the November term thereafter. That case, however, is very clearly distinguished from this, as in that there had been no meeting of the court for the purpose of considering the county levy until after the date of the execution of the bond; but it was clearly intimated, even in that opinion, that sureties on a bond may become liable, although the levy is made after the bond is executed. But in the case of Wilson, Receiver v. Linville, 93 Ky., 254, where the facts of the case on this point were identical with those in this, the Robertson County Court met first in October, 1889, and after transacting some fiscal business adjourned to meet on the third Monday in February, 1890, when it again met and levied the tax for county purposes. Between those dates, viz., on December 19, 1889, the sheriff executed his county levy bond, and this court held in that case that there was but one term of the court extending from October until February, and that during that period the bond was given; that the fact that the bond was executed before the levy was actually made did not invalidate it; that it was executed during the term and every opportunity afforded the sureties for ascertaining their liability, and that the court had the right to adjourn over, not only for one month, but longer, if necessary, and that there was no limitation to its power in this regard; and the bond in that case was held to be binding because the tax levy was, in contemplation of law, made before the bond was executed. We think, therefore, that the demurrer to this paragraph was properly overruled.

By the third paragraph it is alleged that soon after the levy referred to in the petition was made, and soon after

the tax lists referred to were placed in the hands of the sheriff, and before—even by the exercise of the greatest diligence—they could have been collected, the presiding judge and the associate justices of Breckinridge County Court and the taxpayers of the tax district begun to declare publicly the opinion that the bonds and interest coupons, for the payment of which the levy was made, were illegal and void, and not an enforcible demand against the district; that the levy was illegal and unauthorized and to advise the taxpayers of the district not to pay the levy, and to threaten to enjoin the sheriff from collecting, etc., and that by these acts of the county court and taxpayers the sheriff was obstructed in the collection of the taxes and prevented from collecting more than $2,000 of the same, which he says he paid on the coupons and accounted for and which they plead as an estoppel.

There is no allegation that any suit for damages or injunction was ever commenced against the sheriff, or that any order was ever made against the county court suspending the collection of the tax, or that he was by any legal process prevented from enforcing its collection. There is nothing relied on in this paragraph which presents any legal defense to this action, and the demurrer was properly sustained.

The amended answer pleads a former adjudication of the cause of action set up in this suit, and makes the records of the two cases 2543 and 2604 parts of his answer. The record of case No. 2543 was originally brought upon the official bond and also upon the county levy bond of the sheriff, and on motion of defendant plaintiffs were compelled to elect on which bond they would prosecute the action, and

elected to proceed on the official bond, while suit 2604 was on the official bond alone. At the time these cases were decided they were pending on the official bond alone.

There can be no doubt that the court correctly held that the sureties on the official bond of the sheriff are not liable for his default as collector of the State revenue or the county levy or public debts of the county, as he had no right to collect these until he executed other bonds. (Anderson v. Thompson, 10 Bush, —, and Elliott v. Kitchen, 14 Bush, 292). Nor do we think the judgment rendered in these cases a bar to the action on the county levy bond. They contain different covenants and were executed for different purposes. A judgment in a former suit can not be pleaded as a bar, except as it is based on the facts involved in the latter case. The subject matter of the former and the latter must be identical, and in such case the facts will not, except on appeal or on a direct proceeding to reverse a judgment or have a new trial, be again reviewed by the court. (Wieman on Judgments, sections 252 to 256.)

The taxes sued for here constitute a part of the public dues of the county, and their collection and payment by the sheriff to those entitled to them is secured by the express terms of the county levy bond; and the failure of the county court to state the official condition of the county with reference to the county levy does not affect the validity of the levy for that purpose. The indebtedness of these precincts, the amount of it and the necessity of the levy of the tax to pay it fully appear in the written motion made and entered of record at the November term before the bond was executed, as well as in the order subsequently made in January.

It does not appear to us that there can be any question that this particular tax levy was regularly and properly made, and that the sheriff, by the terms of his bond, expressly covenanted to collect it and pay it over to those entitled to it, and that he failed, and a judgment was properly rendered for the amount in his hands as shown by his settlement with the county court.

Wherefore, the judgment is affirmed.