## Thompson v. Porter, et al.

(Decided April 18, 1919.)

### Appeal from Fayette Circuit Court.

1. Judgment—Court of Continuous Sessions—Power Over Judgments.—A circuit court of continuous sessions has the same power over its judgments, in actions at law, for sixty days after their rendition, as other circuit courts have over their judgments during the term, at which they are rendered.
2. Judgment—Court of Continuous Sessions—Power to Vacate or Modify Judgment.—A circuit court, of continuous sessions, after sixty days have elapsed from the rendition of a final judgment, has no power to set aside, modify or vacate its judgments, except upon the same character of proceedings and for the same reasons, that other circuit courts are authorized to disturb their judgments, after the term had ended, at which they were rendered.
3. Judgment—Vacation of Judgment.—If a judgment is void, the court, which rendered it, may vacate it, upon motion, after the term, at which it was rendered.
4. Judgment—Default Judgment.—Where a court has jurisdiction of the parties to an action, and the subject matter of the action, and the parties are free from disabilities, a default judgment regularly rendered, which is within the pleadings and prayer of the petition, is not void.

J. A. EDGE for appellant.

JAMES A. WILMORE and J. KEEN DANGERFIELD for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On January 15, 1916, the appellant, L. E. Thompson, instituted a suit in the circuit court, for the county of Fayette, which is a court of continuous sessions, against the appellees, Harvey and Diana Porter, to recover the possession, from them, of a certain house and lot, in the city of Lexington, which she alleged that the appellees were wrongfully withholding from her. It was averred in the petition by appellant, that she was the owner, by a fee simple title of the lands, and entitled to their immediate possession. The appellees were duly served with a summons to appear and defend the action, but failed to do so, and on the 23rd day of February, 1916, a judgment was rendered in the action, by default, and by which it was adjudged, that the appellant was

the owner of the lands, with a fee simple title, and entitled to recover their possession from appellees, and adjudged, that she recover their possession and her costs, and that a writ of possession for the lands issue upon the judgment, in behalf of appellant. No step nor proceeding of any kind touching the judgment was undertaken by the appellees, at any time, until the 6th day of July, 1916, when they moved the court to vacate the judgment upon the ground, that it was void. The motion was sustained on the 4th day of November, 1916, at which time the court adjudged, that the judgment of February 23rd, 1916, for the recovery of the lands, be vacated, and from this judgment, the appellant has appealed.

The Fayette circuit court, being one of continuous sessions, the time within which it has control over its judgments, in actions, at law, such as judgments in actions of ejectment, is governed by the provisions of sections 988, and 998 Ky. Stats., the first of which provides, as follows: "The court shall have control over its judgments for sixty days, as circuit courts have over their judgments during the term, in which they are rendered." The latter section provides, as follows:

"Proceedings to vacate or modify a final order for grounds for which, in courts having terms it might be vacated after the term, at which it was rendered, may be had in reference to any order or judgment of the court, after expiration of sixty days from its rendition. A motion to vacate a judgment because of its rendition before the action could regularly be placed upon the trial docket, shall only be entered within three months after its rendition."

Hence, it would seem, that courts of continuous sessions have only such control over their judgments, in actions at law, for sixty days after their rendition, as circuit courts, having terms, have over their judgments during the term at which their judgments are rendered, and after the expiration of sixty days from the rendition of a judgment, in a court of continuous sessions, the judgment may be vacated or modified, only in the same way and upon the same grounds, as one upon which a judgment in a court, having terms, may be vacated or modified, after the term, at which it was rendered. Sixty days following the rendition of a judgment in a court of continuous sessions, are with reference to the power of

the court, over the judgment, considered as a term of such court.

In Henry Vogt Machine Co. v. Pennsylvania Iron Works Co., 23 K. L. R. 2163, touching the construction to be placed upon the provisions of section 988, *supra,* and its application, when sixty days had elapsed, after the rendition of a judgment, in a court of continuous sessions, this court said:

"The court had therefore lost control over the judgment and was without power to modify or set it aside, except as provided under sections 518 and 520 of the Civil Code of Practice, regulating proceedings for this purpose after the term, at which a judgment is rendered." This construction has been adhered to in many cases. Trapp v. Aldrich, 23 K. L. R. 2430; Williams v. Williams, 107 Ky. 496; Roemele v. Schmidt, 138 Ky. 336; Accident Co., etc. v. Reigart, 92 Ky. 142; Louisville v. Muldoon, 19 K. L. R. 1386; Johnson v. Stivers, 95 Ky. 128; Fritsh v. Covington, 161 Ky. 171; Petty v. Wilbur Stock Food Co., 128 Ky. 130. The rule of the common law, and which has been adhered to, in this state, when applied to judgments of the circuit courts, is, that a final judgment, can not be vacated or modified, by the court, which rendered it, after the term, at which it was rendered, except upon such grounds, and in the manner prescribed by the Civil Code. McManama v. Garnett, 3 Met. 517; Davis v. Jenkins, 93 Ky. 353, 15 R. C. L. 691; Hocker v. Gentry, 3 Met. 463; Wise v. Wolfe, 27 K. L. R. 610; Megowan v. Pennebaker, 3 Met. 455; Thompson v. Brownlie, 25 K. L. R. 622. The appellees were persons *sui juris,* and neither of them laboring under any disability, except coverture, and having been actually served with summons, in the county wherein they resided, and in which the court sat, and hence were confined in their attempts to procure the vacation of the judgment to the grounds prescribed by sections 340, 518, and 763, of the Civil Code, or to such of the grounds mentioned in those sections, as apply to persons authorized to sue and be sued, in their own proper persons, and not constructively summoned, and to the character of proceedings, and to be instituted within the time provided by sections 344, 519 and 520, and 763 Civil Code. After sixty days had elapsed from the rendition of the judgment, a vacation of the judgment could be granted upon a motion, in the court, which rendered it, upon only

two of the grounds mentioned in those sections of the Code. These grounds are a clerical misprision or because the judgment was void. To obtain a vacation of the judgment upon the other grounds open to them, it was necessary to proceed by a petition as in any other action. Sections 344, 520, Civil Code. That the entry of the judgment was not a clerical misprision is apparent. Hence, the only ground, upon which the court, at the time, it did so, was authorized to vacate the judgment, was upon the ground, that it was void, and, for that reason, a nullity. After the term, at which they are rendered, default judgments can be vacated, only, by the same methods and upon the same grounds, applicable to the vacation of other judgments. The judgment, if valid, rendered the questions of the title and right of possession *res judicata,* between the appellant and appellees, so long as the judgment was not reversed, vacated nor modified, in the way and upon some of the grounds provided by law. Then to determine the soundness of the court's action in vacating the judgment, it only remains to determine, whether or not the judgment was void. If void, the court was clearly within its authority, in setting it aside, upon motion, as it did do, but, if not void, the action of the court was not authorized. The fact, that appellees had a good defense, which they might have successfully urged, against the recovery of the judgment by appellant, if they had seen fit to offer it, does not render the judgment void, as it was within their rights to confess the claims of appellant, if they chose to do so. Neither does the fact, that appellees by pursuing the method and upon one or more of the grounds prescribed by the Civil Code, be able to secure a vacation of the judgment, and be permitted to interpose a defense to the action, render the judgment void. The court had jurisdiction of the parties to the action. The appellees were regularly served with a summons to appear and defend the action, and for the requisite time, before the judgment was rendered. They resided in the county where the court sat. They labored under no disabilities, except coverture on the part of one of them, which is not a disability as to suing or being sued. The land, in controversy, was situated in the county, where the court sat, and its jurisdiction extended to every question relating to title and possession of it, which could have arisen between the parties. The judgment was within the alle-

gations and prayer of the petition, and described the parties, and the lands recovered, and the issues determined between the parties. Such a judgment is not void, and the court was in error to vacate it upon such ground, and was without power to set it aside upon a motion, after sixty days had elapsed from its rendition, because of any reason, other than its being void. The judgment is therefore reversed, and cause remanded for proceedings not inconsistent with this opinion.