## Kammerer v. Brown.

(Decided May 6, 1930.)

200

W. A. ARMSTRONG for appellant.

SHACKELFORD MILLER, JR., for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant instituted an action against the sheriff of Jefferson county seeking to enjoin him from the enforcement of a judgment which appellee had recovered against him in April, 1928. He also prayed to have the judgment vacated. The facts are that appellee, Brown, filed a suit against appellant in April, 1919, seeking a recovery for the breach of a written contract. Preliminary motions were entered by the attorney for appellant which resulted in an order by the court requiring Brown to make his petition more specific. No further steps were taken for more than eight years. At the end of that period Brown instructed an attorney to take steps to comply with the order of the court made more than eight years before. Under the rules of the Jefferson circuit court, of which rules this court takes judicial knowledge, when an action has grown stale it may not be reinstated on the docket and steps taken therein without notice to the adversary party, or his attorney. When Brown was ready to file his amended petition, he gave written notice to the attorney of record for appellant that the suit would be placed upon the docket, the amended petition

filed, and steps taken to bring the cause to trial. This notice was accepted by appellant's attorney of record. After the filing of the amended petition, appellant's attorney filed an answer which was unverified. On motion it was stricken for want of verification. In due course judgment was taken against appellant for $500 with accumulated interest, and execution was issued thereon.

The basis of the cause of action attempted to be alleged by appellant is that long prior to the filing of the amended petition he had paid his attorney and had discharged him from further service in the case, and that he had no knowledge, or information, that the case had been reinstated on the docket, or that any further steps had been taken therein.

The question thus presented for decision is whether the aceptance of the notice by the attorney of record under the circumstances, after the lapse of more than eight years, was such as to bind appellant. It is not contended that Brown had any knowledge that appellant had discharged his attorney, and there is no contention that appellant had taken any step to have the name of his attorney stricken from the record, or that he had taken any step to cause any order to be made showing that the right of his attorney to represent him had ceased.

It is the general rule that an attorney has general power to make agreements and enter into stipulations with respect to the conduct of litigation entrusted to him if he deems it beneficial to his client to do so. Conrad's Executor v. Conrad, 156 Ky. 231, 160 S. W. 937; De Charette v. St. Matthews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34.

There is no escape from the conclusion that the judgment against appellant was properly entered, unless the lapse of time and the discharge of his attorney rendered the attorney incapable of accepting a notice which would be binding on appellant. There is no limitation as to the length of time that a case may remain pending on the docket, or as to the time in which an action such as this may be reinstated on proper notice. It is true that there is such a thing as the dismissal of a case for want of diligent prosecution, but appellant took no step to have such an order made in this case.

6 C. J. p. 645 contains a statement of the law exactly governing this case. It is there said:

"The notice, or other process authorized by statute to be served on the attorney of a party to a pending suit, must be served on the attorney of record, and service so made is valid, although the client may have discharged the attorney upon whom the service is made, and may have employed a new one, since the other party is not charged with notice of the change unless it is properly noted of record."

The rules of the Jefferson circuit court permitting the service of notice on an attorney have all the force of a statute. It is true, as contended by appellant, that the unauthorized appearance by an attorney does not prevent a court of equity from setting aside a judgment entered against a litigant so represented. Thompson v. Porter, 183 Ky. 848, 210 S. W. 948. But the acceptance of the notice in this case was not unauthorized. The authority had been given by appellant himself when he allowed the name of his attorney to be noted of record and that authority had not been withdrawn in such a manner as to bring home to appellant knowledge of the withdrawal.

If the petition should be treated as having been filed under the provisions of section 518 of the Civil Code of Practice, it does not contain allegations which would afford appellant any relief. In such a proceeding it is necessary for the plaintiff to allege and prove that he has a good defense to the action. Section 520 of the Civil Code of Practice so requires, and such a requirement was upheld in the case of Burks v. Douglass, 156 Ky. 462, 161 S. W. 225.

Judgment affirmed.