## 34255. LAWRENCE *v.* LAWRENCE *et al.*

WORRILL, J. 1. The Declaratory Judgment Act of this State (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.) is not intended to be used to set aside, modify, or interpret judicial decrees or judgments of courts having jurisdiction of the subject matter and parties, but is to be used to obtain a declaration of rights not already adjudicated. See *Bingham* v. *Citizens & Southern Nat. Bank,* 205 *Ga.* 285, 288 (53 S. E. 2d, 228); 16 Am. Jur. 296, § 24; *Bowser v. Tobin,* 215 Ind. 99 (18 N. E. 2d, 773); *Shearer v. Backer,* 207 Ky. 455 (269 S. W. 543); *Heller v. Shapiro,* 208 Wis. 310 (242 N. W. 174); *Kammerer v. Brown,* 234 Ky. 199 (27 S. W. 2d, 959, 963); *Ferree v. Ferree,* 273 Ky. 238 (115 S. W. 2d, 1055); *City of Williamsport v. Williamsport Water Co.,* 300 Pa. 439 (150 Atl. 652); *Shick v. Goodman,* 333 Pa. 369 (5 Atl. 2d, 363).

2. In the present case the petitioner sought, in the Superior Court of Polk County, Georgia, to obtain a judgment declaring void a divorce decree rendered against her in an action between her former husband, now deceased, and herself, and declaring that she is the widow and lawful heir of such deceased person, and entitled to the rights, interests, and privileges as owner of the real estate and personal property owned by him at his death, and entitled to be the administratrix of his estate. The petition as amended shows the rendition of judgments by courts having jurisdiction of the subject matter and parties and under which the rights here sought to be declared were conclusively and finally adjudicated against her, namely, a divorce decree valid on its face between the petitioner and her former husband, and not shown to have been appealed from, a proceeding thereafter in the Court of Ordinary of Polk County in which one of the present defendants was appointed administratrix of his estate and a caveat by the other defendant was found against, the ruling being affirmed in the Superior Court of Polk County and in the Court of Appeals, and the judgment of the Superior Court of Polk County denying, after a hearing, the petitioner's application to intervene in the proceeding and be appointed administratrix of his estate, which judgment was not appealed from. *Held:*

Under the principles of law hereinbefore stated, the petitioner is not entitled to a declaratory judgment in the premises, and the trial court did not err in sustaining the demurrers of the defendants and dismissing the action against them on the ground that no cause of action was set forth.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED OCTOBER 24, 1952—REHEARING DENIED NOVEMBER 8, 1952.

*Marson G. Dunaway Jr.,* for plaintiff in error.
*Cecil D. Franklin, W. W. Mundy Jr.,* contra.