STIDHAM *et al. vs.* SIMS, and *vice versa.*

74 187
e122 109

1. Where a will appointed a trustee for one of the legatees, and provided that her share should be paid to such trustee, who should hold it at interest until she became of lawful age or married, the trustee had the right to pay over to her, upon her marriage, the money which he had in his hands; but if at that time she was a minor, she could not compromise or give up any of her rights by a settlement with her trustee, and such a settlement would only be good as to the amount of money paid to her.

2. If, after a ward becomes of age, and after a full exhibit of all the guardian's accounts, and with the full knowledge by the ward of her legal rights, a settlement is had between them, it is binding on the ward.

(*a.*) If, after the ward arrived at full age, the guardian or trustee settled with her and took her receipt and acquittance from all further liability to her, and if this was done without fraud, she would have to proceed within four years after the settlement was made to open the same; otherwise she would be barred under §1847 of the Code. If the settlement took place on account of the fraudulent conduct and misrepresentations of the trustee, whereby the *cestui que trust* was induced to make it and to give the receipt and acquittance to her trustee, the statute of limitations would run only from the discovery of the fraud, and in that case it would be ten years.

(*b.*) Sections 1847 and 2931 of the Code are to be construed *in pari materia;* the former does not refer to or embrace a fraudulent settlement; the latter does.

(*c.*) The charges complained of in the cross-bill of exceptions were erroneous, but it will be presumed that the court will avoid those errors on a new trial.

HALL, J., concurred.

JACKSON, C. J., concurred in the judgment, but dissented from the construction given to §§1847, 2931 of the Code.

November 11, 1884.

Trusts. Wills. Statute of Limitations. Presumptions. Guardian and Ward. Before Judge BRANHAM. Polk Superior Court. February Term, 1884.

Reported in the decision.

J. A. BLANCE; DABNEY & FOUCHE; FULTON COLVILLE, for Stidham *et al.*

IVY F. THOMPSON ; E. N. BROYLES, *contra*

BLANDFORD, Justice.

Martin Stidham died in 1855, leaving his last will and testament, by which (after making a specific bequest to his wife in lieu of dower) he directed that his property should be sold and divided equally among his children and their heirs, who might be living at his death, except his granddaughter, Martha A. Spence. She having to be raised and educated out of his estate, was to receive only one-half of an equal share. Simeon Stidham was appointed trustee for Martha A.,—her share to be paid to the trustee, who was to hold the same at interest until she became of lawful age or married.

Martha A. Spence was born April 13, 1852. She was married to Nathan Sims November 25, 1869. In October, 1870, Simeon Stidham had a settlement with Martha A. Sims, formerly Spence, paid her five hundred dollars in full settlement and compromise of her interest in her grandfather's estate, taking from her a receipt reciting the same, and also a release and discharge and acquittance from all further claim on the trustee.

On the 4th day of December, 1873, said Simeon Stidham paid Martha A. Sims the sum of two hundred and thirty dollars, and took from her a receipt, whereby she acknowledged that she received said money from Simeon Stidham, one of the executors of the estate of Martin Stidham, deceased, and as trustee for Martha A. Spence, granddaughter of said deceased, now Martha A. Sims, in full and complete satisfaction of all rights, claims, interest or demands which she has now or may hereafter have against the said Simeon Stidham, as trustee, or against the estate of said deceased, in any shape, manner or form whatever; and the said Simeon, as trustee, and as executor, is fully discharged and acquitted from all further claim on the part of said Martha A. Sims, or any person claiming under

her for the same; and said Simeon Stidham was empow-ered and authorized to receipt for any further interest or money that might come into the hands of the executors of said estate, the same being thereby transferred to him for his own use and benefit.

On the 12th day of July, 1878, the said Martha A. Sims, formerly Martha A. Spence, filed this bill against Simeon Stidham, asking for an account and settlement from him as her trustee. She also attacks the settlements and re-ceipts given by her to Stidham, as having been fraudu-lently obtained from her; the last receipt of the 4th day of December, 1873, she alleges to be fraudulent, because the sum of two hundred and thirty dollars was paid her on account of what she was entitled to receive from her grandmother's estate, and that she signed the receipt be-lieving, and not knowing to the contrary, that it was merely a receipt touching her grandmother's estate, and not what was coming from her grandfather's estate to her.

The case being submitted to a jury, under the charge of the court, they found for defendant. The complainant moved the court for a new trial, which was granted upon the fifth ground set forth in the motion for new trial only, which was the court erred in charging the jury " that the defendant was authorized under the will to settle with his ward after marriage, at any time, or at her majority." To this decision the defendant excepted, and brings the case here for review

The complainant also excepted because the court re fused to grant the new trial upon the other grounds set forth in the motion for new trial. and brings the case here upon those exceptions.

We think the court did right to grant the new trial in this case. His whole charge to the jury was based upon a misconception as to the law which governed the settle-ment had between the parties in October, 1870. Stidham, the trustee, had the right to pay over to Martha Sims, for merly Spence, what money he had in his hands as trustee,

upon her marriage; but in October, 1870, Martha A. could make no contract, and could not release said Stidham, trustee, from any liability to her, because she was then a minor. She could not compromise or give up any of her rights. This settlement, then, was only good as to the amount of money paid to her by the trustee; and the charges complained of in the cross-bill of exceptions, filed by Mrs. Sims, being founded on this misconception, are also erroneous; but we think that, the court having granted the new trial upon the main ground of error, it is entirely unnecessary to consider them in detail, or say anything more about them, as the court will, on another trial, avoid these errors. The main question in this case is as to the settlement made and receipt given on the 4th of December, 1873. Was that settlement made after a full exhibit of all the guardian's accounts, with a full knowledge by Mrs. Sims of her legal rights? If so, she is bound thereby, and cannot now open the account.

Was this settlement made without fraud on the part of Simeon Stidham, whereby Mrs. Sims was induced to make the same and give the receipt and acquittance to Stidham? If this is so, Mrs. Sims would have to proceed within four years to open the same after the settlement was made; otherwise she would be barred under section 1847 of the Code.

If the settlement took place on account of the fraudulent conduct and misrepresentations of Stidham, the trustee, whereby Mrs. Sims was induced to make the same, and give the receipt and acquittance to Stidham, then she would not be barred until after the discovery of the fraud; the period of limitation would run only from that time, and in this case it would be ten years. Code, §2931. These two sections of the Code must be construed *in pari materia.* Section 1847 does not refer to or embrace a fraudulent settlement, or one obtained by fraud, but section 2931 embraces such settlements as are obtained by fraud. Under section 1847, the period of limitation is

four years; under section 2931, the period is the general statute of limitations after the discovery of the fraud. These questions were well considered in the learned opinion delivered by McDonald, J., in the case of *Wellborn vs. Rogers and Wife*, 24 *Ga.*, 573.

The questions should be left clearly and distinctly to the jury, and the question of fraud or no fraud found by them.

Let the judgment of the court below be affirmed granting the new trial, and the judgment refusing the new trial on all the grounds taken in the motion for new trial by the plaintiff in the court below be reversed; and a new trial is ordered in said case upon all the grounds taken in the motion, and that the case be reheard in its entirety.

Judgment affirmed in main case, and reversed on cross-bill of exceptions.

Hall, Justice, concurred, but furnished no opinion.

Jackson, Chief Justice, concurred specially, not joining the majority of the court in that portion of the opinion relating to the statute of limitations. He did not furnish any written opinion.