87 Ga. App. 150 (1952)
73 S.E.2d 231
LAWRENCE
v.
LAWRENCE et al.
34255.
Court of Appeals of Georgia.
Decided October 24, 1952.
Rehearing Denied November 8, 1952.
Marson G. Dunaway Jr., for plaintiff in error.
Cecil D. Franklin, W. W. Mundy Jr., contra.
WORRILL, J.
1. The Declaratory Judgment Act of this State (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.) is not intended to be used to set aside, modify, or interpret judicial decrees or judgments of courts having jurisdiction of the subject matter and parties, but is to be used to obtain a declaration of rights not already adjudicated. See Bingham v. Citizens & Southern Nat. Bank, 205 Ga. 285, 288 (53 S. E. 2d, 228); 16 Am. Jur. 296, § 24; Bowser v. Tobin, 215 Ind. 99 (18 N. E. 2d, 773); Shearer v. Backer, 207 Ky. 455 (269 S. W. 543); Heller v. Shapiro, 208 Wis. 310 (242 N. W. 174); Kammerer v. Brown, 234 Ky. 199 (27 S. W. 2d, 959, 963); Ferree v. Ferree, 273 Ky. 238 (115 S. W. 2d, 1055); City of Williamsport v. Williamsport Water Co., 300 Pa. 439 (150 Atl. 652); Shick v. Goodman, 333 Pa. 369 (5 Atl. 2d, 363).
2. In the present case the petitioner sought, in the Superior Court of Polk County, Georgia, to obtain a judgment declaring void a divorce decree rendered against her in an action between her former husband, now deceased, and herself, and declaring that she is the widow and lawful heir of such deceased person, and entitled to the rights, interests, and privileges as owner of the real estate and personal property owned by him at his death, and entitled to be the administratrix of his estate. The petition as amended shows the rendition of judgments by courts having jurisdiction of the subject matter and parties and under which the rights here sought to be declared were conclusively and finally adjudicated against her, namely, a divorce decree valid on its face between the petitioner and her former husband, and not shown to have been appealed from, a proceeding thereafter in the Court of Ordinary of Polk County in which one of the present defendants was appointed administratrix of his estate and a caveat by the other defendant was found against, the ruling being affirmed in the Superior Court of Polk County and in the Court of Appeals, and the judgment of the Superior Court of Polk County denying, after a hearing, the petitioner's application to intervene in the proceeding and be appointed administratrix of his estate, which judgment was not appealed from. Held:
Under the principles of law hereinbefore stated, the petitioner is not entitled to a declaratory judgment in the premises, and the trial court did not err in sustaining the demurrers of the defendants and dismissing the action against them on the ground that no cause of action was set forth.
Judgment affirmed. Sutton, C.J., and Felton, J., concur.

*151 STATEMENT OF FACTS BY WORRILL, J.
Leonard Lawrence filed, in the Superior Court of Polk County, a petition naming as defendants Leila Dobbs Lawrence, individually and as administratrix of the estate of Joe B. Lawrence, and Beatrice Harris Lawrence, the petition as amended alleging in substance the following: There is an actual controversy between the petitioner and the defendants growing out of the following facts. The petitioner and Joe B. Lawrence were married on April 10, 1904, and lived together as husband and wife until July, 1935, when she left his house because of his cruelty towards her (detailing the acts). Thereafter she lived in Cartersville and Atlanta, Georgia, returning to Polk County, Georgia, in 1950. At no time since July, 1935, has she had her legal residence outside of the State of Georgia. Joe B. Lawrence filed in the Superior Court of Polk County, on July 10, 1939, a petition for divorce from the petitioner, a copy being attached to the petition, together with all subsequent proceedings in the case, marked Exhibit "A" and made a part thereof. On February 26, 1940, Joe B. Lawrence obtained a final verdict and decree of divorce against the petitioner. (The exhibit also showed an order by the court establishing proper service by publication.) The petition alleged that, because of certain named defects in the service, the decree of divorce was void, but it was not alleged that there was fraud in the procurement. In the meantime, on November 4, 1939, Joe B. Lawrence and Leila Lawrence went through a formal marriage ceremony, but she was under the disability of a prior undissolved marriage with another named person. Joe B. Lawrence died on October 7, 1950. On December 6, 1950, Leila Lawrence applied to the Court of Ordinary of Polk County for letters of administration as his lawful wife. The petitioner was not made a party or served in the proceeding. Beatrice Harris Lawrence filed a caveat, claiming that she was the lawful wife of Joe B. Lawrence. The court found against the caveat, and Leila Lawrence was named administratrix of his estate. On appeal by Beatrice Harris Lawrence to the Superior Court of Polk County the judgment appointing Leila Lawrence as administratrix was affirmed. This judgment was later affirmed by the Court of Appeals. In the proceeding in the superior court, Leonard *152 Lawrence sought to intervene and be made a party and be named administratrix, and after a hearing, the application was denied. The petitioner is the widow and sole heir at law of Joe B. Lawrence, and entitled to the rights, interests, and privileges as owner of the real estate owned by him at the time of his death, and she is entitled to be the administratrix of his estate and to a declaration of these rights and also with reference to her legal relations thereto.
Leila Lawrence's contentions with reference to the controversy are: that she is the widow and legal heir of Joe B. Lawrence by virtue of a formal marriage and entitled to be named administratrix of his estate. Beatrice Harris Lawrence's contentions with reference to the controversy are: that she is the widow and legal heir of Joe B. Lawrence by virtue of a common-law marriage contracted subsequently to July, 1935, and is entitled to be named administratrix of his estate.
The petitioner is uncertain and insecure with respect to the propriety of her future actions and conduct in the premises, and her future action without the guidance of this court through the declaratory judgment sought hereby may jeopardize her interests. The prayers were: for process; that the defendants be required to file their defensive pleadings on or before July 18, 1952; that the court enter a judgment declaring the rights of the petitioner to be as follows: that the divorce decree entered in Lawrence v. Lawrence, hereinbefore mentioned, and the orders of the court relative to service of Leonard Lawrence and the verdicts entered in the said case are void; that Leonard Lawrence is the widow and lawful heir of Joe B. Lawrence, entitled to the rights, interests, and privileges as owner of the real estate and personal property owned by the said Joe B. Lawrence at the time of his death; and that she is entitled to be the administratrix of the estate of Joe B. Lawrence.
Beatrice Harris Lawrence demurred generally to the petition as amended on the grounds: (a) It did not set forth a cause of action against her. (b) The relief sought under Title 110, Chapter 11 of the Georgia Code is not appropriate to vacate and set aside a judgment of a court of competent jurisdiction. (c) It appears from the petition as amended that more than three years have expired from the date of the original judgment, *153 February 26, 1940, and relief is barred by the statute of limitations as codified in the Code, § 3-702. (d) It appears that the issue as to the validity of the divorce decree granted to Joe B. Lawrence against Leonard Lawrence has been adjudicated. Reference to paragraph 3 of the petition as amended reveals that the plaintiff filed an application in the Superior Court of Polk County to intervene and have herself named as administratrix of the estate of Joe B. Lawrence, and that said application, after a hearing thereon, was denied and her petition was dismissed. The judgment therein rendered is conclusive and binding on the petitioner until reversed or set aside, and she is now barred from raising the same issues of law and fact.
Beatrice Harris Lawrence also demurred on several special grounds.
Leila Dobbs Lawrence, individually and as administratrix of the estate of Joe B. Lawrence, demurred generally on the following grounds: (a) The petition as amended constitutes a collateral attack upon a judgment of the Superior Court of Polk County in case No. 581, August Term, 1939, and, therefore, can not be entertained. (b) The issues raised are res adjudicata, all having been tried and determined adversely to the petitioner in the said court by order dismissing the intervention of the petitioner in the appeal from the grant of letters of administration to the demurrant from the court of ordinary to the said superior court. (c) The allegations of the petition as amended set forth no cause of action.
The court sustained all of the general grounds of the demurrer of Beatrice Harris Lawrence except ground (c), and sustained several special grounds and overruled several special grounds, and dismissed the action as to her. The court also sustained all grounds of the demurrer of Leila Dobbs Lawrence, individually and as administratrix of the estate of Joe B. Lawrence and dismissed the action as to her. The petitioner excepted.