18410. BURGESS *v.* BURGESS.

ARGUED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954—REHEARING DENIED FEBRUARY 11, 1954.

*Frank W. Brandon, Margaret Hopkins,* for plaintiff in error. *William L. Moore,* contra.

WYATT, Presiding Justice. 1. "The question of whether the action would lie against the defendants as heirs at law of the agent who was the grantee named in the deed was jurisdictional, and, being so, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought." *Coleman* v. *Thomasson,* 160 *Ga.* 81 (127 S. E. 129). "The absence of jurisdiction, appearing on the face of a petition, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought." *Mullally* v. *Mullally,* 199 *Ga.* 708 (2) (35 S. E. 2d 199).

"The legal representative is a necessary party to proceedings to set aside a judgment in favor of the deceased." *Grier* v. *Jones,* 54 *Ga.* 154.

In the instant case, the petition is brought by the alleged wife of the deceased to set aside a judgment granting to the deceased a divorce from the petitioner. The suit is brought against a woman alleged to be the purported widow of the deceased and the Solicitor-General of Fulton County. Neither of these parties is the legal representative of the estate of the deceased. This is a fatal defect, and the fact that the petition is sought to be brought under the provisions of the Declaratory Judgment Act would make no difference. In any proceeding of any kind, the proper parties must be before the court. The general demurrer should have been sustained on this ground.

2. The next question presented is whether or not the facts alleged in the petition now under consideration present a question that can be properly decided under the provisions of the Declaratory Judgment Act. The real relief here sought is to have a divorce decree, admittedly valid on its face, set aside and declared to be null and void. True it is the petition contains the following prayer: "That the court declare who is the lawful widow of the deceased, Vincent Burgess". This result can not be reached without first declaring the divorce decree to be null and void. When this has been .done, the petitioner in the court below becomes the lawful widow of the deceased without the necessity of resorting to a declaratory judgment. So, the real relief and only substantial relief sought is the cancellation of the divorce decree.

"A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party." *Clein* v. *Kaplan,* 201 *Ga.* 396, 403 (40 S. E. 2d 133). "The legislative intent and purpose of our declaratory judgment act is to relieve against uncertainty and insecurity; to declare rights, status, and legal relations, but not to

execute remedies or grant coercive relief." *Calvary Independent Baptist Church* v. *City of Rome,* 208 *Ga.* 312, 315 (66 S. E. 2d 726). "The declaratory judgments act (Ga. L. 1945, p. 137) does not nullify statutes of limitations and establish principles of law, so as to authorize a petitioner to brush aside previous judgments of the same court and seek a determination of his rights as if they had never been adjudicated." *Bingham* v. *Citizens & Southern Nat. Bank,* 205 *Ga.* 285 (53 S. E. 2d 228). "The declaratory judgment act of this State (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.) is not intended to be used to set aside, modify, or interpret judicial decrees or judgments of courts having jurisdiction of the subject matter and parties, but is to be used to obtain a declaration of rights not already adjudicated." *Lawrence* v. *Lawrence,* 87 *Ga. App.* 150 (1) (73 S. E. 2d 231).

Applying the above decisions of this court and of the Court of Appeals to the facts alleged in the instant petition, it appears without question that the allegations of the petition do not present a proper case for resort to the Declaratory Judgment Act.

From what has been said above, it follows that the judgment overruling the general demurrer to the petition was error.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*