### 22110.   CHOATE v. CHOATE.

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963.

*Houston White, Beryl Weiner, John E. Hogg,* for plaintiff in error.

*Douglas C. Lauderdale, Jr.,* contra.

GRICE, Justice. The assignments of error here result from a husband's motion praying that the trial court determine what amount, if any, he owes under an award of temporary alimony for the support of his children. The husband, Leon T. Choate,

filed his motion in the Superior Court of Fulton County, against his wife, Bernice B. Choate, as a part of an alimony case which had been consolidated with a divorce action. His motion made the recitals which follow.

The award of temporary alimony in question ordered that he "pay [the wife] for the use and benefit of the minor children $400 each and every month, $200 of said sum to be paid on the 1st and $200 to be paid on the 15th." No further order for alimony has been entered.

An itemization of payments, showing dates, payees and amounts, made by him was incorporated. Such payments were made either to the wife, or to the children, or to other persons for the benefit of and in behalf of the children, and were acquiesced in by the wife. He has never knowingly or intentionally failed to provide for the children or to make payments either to the wife or to others for their benefit far in excess of the sum provided in the order involved here. Since the date of such order one of the children has become self-supporting and has reached his majority.

The wife has filed a declaration in attachment in the same court alleging that he is in arrears in a stated amount in his payments under this order, and she has caused summons of garnishment to issue thereon, instead of citing him for contempt for alleged nonpayment, for the purpose of causing him harrassment, embarrassment and expense.

The motion prayed that the court inquire into and determine the status of the temporary alimony award, that it "determine that [he] is not in arrears in any sum as to the payments provided by said order; that in the alternative [the trial court] determine the sum presently owed by [him] pursuant to said order," and for general relief. A prayer for injunctive relief against the attachment and garnishment proceedings pending such determination was expressly abandoned.

The wife moved to dismiss the husband's motion upon grounds urging that his remedy, if he had any, was to litigate in defense of the declaration in attachment above referred to, and that the court was without authority to entertain this motion filed by him.

The trial court denied the wife's motion to dismiss, and after

a hearing upon the husband's motion for determination, entered an order finding him in arrears under the temporary alimony award in a stated sum and ordering that he pay the same. Thereupon, the wife assigned the following as error: (1) the denial of her motion to dismiss the husband's motion seeking such determination; (2) the ruling during the trial that the husband was entitled to credit for payments in a stated amount made directly to a college for one of the children; (3) the introduction in evidence of an affidavit; and (4) the judgment ordering the husband to pay to the wife the amount determined to be due, which was less than the wife had contended was due.

The trial court, as we view the situation, was without jurisdiction to entertain the husband's motion for determination.

The proceeding filed by him is not one requesting a revision, revocation or modification of the temporary alimony award, maintainable under *Code* § 30-204. No change in its terms was sought, only its meaning.

In order to make the determination sought by the husband, the trial court would have to construe the temporary alimony award. From the husband's motion it is apparent he claims credit for sums he paid, allegedly with the wife's acquiescence, to the children and also to other persons for the benefit of the children. Likewise, it is manifest that he claims that upon one child's becoming self-supporting and reaching majority the lump sum ordered paid monthly should be abated proportionately. Whether he is right or wrong depends upon the meaning of the award as to those particulars. Does its language permit payment other than to the wife if she acquiesces? Does the total sum ordered paid abate proportionately in the situation above referred to? Answers to these questions, and thus the determination sought by the husband, can not be provided without a construction of the award.

But, the rule is well settled that "judgments and decrees speak for themselves and that our rules of procedure, practice and pleading in civil actions make no provision for a proceeding to construe them." *Smith v. McDaniel*, 219 Ga. 208 (132 SE2d 78), and cases cited. Nor does our Declaratory Judgment Act (Ga. L. 1945, p. 137; Ga. L. 1959, p. 236; *Code Ann.* §§ 110-1101

et seq.) authorize such proceeding. *Lawrence v. Lawrence,* 87 Ga. App. 150 (1) (73 SE2d 231). See also *Burgess v. Burgess,* 210 Ga. 380 (2) (80 SE2d 280).

There being no provision in this State for such a motion, the trial court was without jurisdiction to entertain it. Therefore, all proceedings predicated thereon, including the motion to dismiss the writ of error, were nugatory.

*Judgment reversed. All the Justices concur.*