36321. ROYAL v. ROYAL.

JORDAN, Presiding Justice.

This is an appeal from an order setting aside a default judgment in favor of the appellant.

Appellant Mary Sue Royal and appellee Daniel B. Royal, Jr., were divorced in Chatham County in 1960. An agreement between them was made part of the divorce decree, wherein it was provided that certain property in Savannah "be set aside to [Mrs. Royal] for the purpose of making a home for herself and [the] minor children."

In 1979, Mrs. Royal brought an "action for declaratory judgment" in Superior Court of Chatham County, alleging that she was "uncertain and insecure" with respect to her acts and conduct regarding the property, and praying that the court declare her to be the owner in fee simple of the property. Mr. Royal, now a resident of Florida, was personally served in that state, but did not appear when the case was called, and a default judgment was entered against him, declaring that Mrs. Royal was the owner in fee simple of the property.

Shortly thereafter, Mr. Royal filed a motion to set aside the default judgment, contending, among other things, that a declaratory judgment was improper in this case.

The trial court set aside the earlier default judgment as having been "improvidently granted," ruling that it had no jurisdiction to grant a declaratory judgment construing the earlier divorce decree, since "judgments and decrees speak for themselves" and "the Declaratory Judgment Act ... is not intended to be used to set aside, modify, or interpret judicial decrees or judgments." *Choate v. Choate,* 219 Ga. 250 (132 SE2d 671) (1963); *Lawrence v. Lawrence,* 87 Ga. App. 150 (73 SE2d 231) (1952).

The rules of law cited by the trial court are valid ones, based on the need for finality of judgments. Basically, the notion is that "the Declaratory Judgments Act . . . does not . . . authorize a petitioner to brush aside previous judgments of the same court, and seek a determination of his rights as if they had never been adjudicated." *Bingham v. C. & S. National Bank,* 205 Ga. 285, 288 (53 SE2d 228) (1949).

". . . the only tenable exception to the rule that a declaratory judgment proceeding is not an appropriate method of questioning a final judgment or decree, valid on the face of the record, is in case the judgment or decree has become the source of definite rights and is unclear or ambiguous." 26 CJS 127, Declaratory Judgments, § 43.

Though the Georgia courts have never explicitly recognized this exception to the rule that "judgments and decrees speak for themselves," it is consistent with the legislative intent and purpose underlying the Declaratory Judgments Act (Code Ann. § 110-1101 et seq.), which is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Code Ann. § 110-1111. Moreover, this court has recently held that "a declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce." *Bache v. Bache,* 240 Ga. 3 (239 SE2d 677) (1977).

In this case, the language in the 1960 divorce decree "setting aside" the property "to" Mrs. Royal "for the purpose of making a home for herself and the children" is ambiguous and unclear as to whether the language is intended to confer fee simple title to the property or some limited estate. Consequently, a construction of the effect of this language would be a proper subject of a declaratory judgment action.

The trial court erred in holding that it lacked jurisdiction in this matter.

*Judgment reversed and remanded for determination of any other issues raised in appellee's motion to set aside the default judgment. All the Justices concur.*

SUBMITTED JUNE 6, 1980 — DECIDED SEPTEMBER 4, 1980.

*William M. Simon,* for appellant.
*David H. Fritts,* for appellee.