S95A0691, S95X0693. BROWN v. BROWN; and vice versa.
(462 SE2d 609)
BENHAM, Chief Justice.

The parties were divorced in April 1989 by a judgment which incorporated a settlement agreement. A portion of the agreement required Mr. Brown to pay Mrs. Brown, in monthly installments, "a sum estimated to be $40,000 for her share of the equity in the homeplace of the parties." In exchange, Mrs. Brown agreed to execute a quitclaim deed to Mr. Brown for her interest in the homeplace. The agreement went on to state that

> Wife's equity is estimated based on the estimated value of the homeplace . . . less encumbrances [and certain expenses]. The equity amount shall be finalized by Exhibit "A" which shall be attached prior to the final Divorce and may increase or decrease Wife's entitlement under this paragraph.

---

There was no "Exhibit A" attached to the settlement agreement, and the final judgment of divorce was entered without the attachment of "Exhibit A." Mrs. Brown executed the promised quitclaim deed, and Mr. Brown made monthly equity payments until October 1990, when his accrued payments totalled $23,000. Mrs. Brown then filed the instant action wherein she alleged, among other things, that the provision in the separation agreement for payment of homeplace equity contained ambiguities incapable of resolution by resort to other provisions. Mrs. Brown invoked the equity jurisdiction of the trial court to ascertain a proper division of the homeplace and sought a declaratory judgment of the parties' rights and obligations. In a counterclaim, Mr. Brown sought to amend the divorce judgment by attaching as "Exhibit A" a property appraisal prepared in October 1990, and a declaratory judgment of his rights and duties under the divorce decree, as amended. In the pre-trial order, both parties asserted that the issue for determination was the value of the homeplace as of the date of the divorce decree.

In 1994, a two-day bench trial resulted in the entry of a judgment in which the trial court found Mrs. Brown's share of the homeplace's equity at the time of the 1989 divorce to be $52,913, and required Mr. Brown to pay interest on the amount of unpaid equity at the rate of 12 percent per annum from October 1990, the date of Mr. Brown's last equity payment. In granting Mr. Brown's application for discretionary review, this Court expressed particular concern with the trial court's calculation of the amount of interest awarded to Mrs. Brown. In a cross-appeal, Mrs. Brown asserts that the trial court should have awarded interest on the amount of unpaid equity from the date of the divorce judgment.

1. Mr. Brown contends that the 1989 divorce judgment established $40,000 as Mrs. Brown's share of the homeplace's equity, and asserts that res judicata bars the trial court from now awarding Mrs. Brown more than $40,000. We disagree with both assertions.

Res judicata bars the litigation of issues which were or could have been litigated by the same parties or their privies in an earlier action. OCGA § 9-12-40. While generally a declaratory judgment action may not be used as a vehicle to question a judgment valid on its face and entered by a court of competent jurisdiction, where the judgment is the source of definite rights and its language is unclear or ambiguous, an action for declaratory judgment is an appropriate means of ascertaining one's rights and duties under the judgment. *Weaver v. Jones*, 260 Ga. 493 (1) (396 SE2d 890) (1990); *Royal v. Royal*, 246 Ga. 229, 230 (271 SE2d 144) (1980); 26 CJS 127, Declaratory Judgments, § 43. But see *Choate v. Choate*, 219 Ga. 250 (132 SE2d 671) (1963). The settlement agreement incorporated into the divorce judgment is not clear and unambiguous. It expressly stated that the $40,000 figure was

an estimate of Mrs. Brown's equity interest and that Exhibit "A" would finalize the estimation, but made no provision for final determination of the amount of Mrs. Brown's equity interest should "Exhibit A" not be submitted. Because "Exhibit A" was never attached to the settlement agreement or the final judgment and decree of divorce, the actual amount of Mrs. Brown's equity interest was never ascertained. The unclear and ambiguous provision of the divorce decree authorized the use of a declaratory judgment action to ascertain the parties' rights and duties. Both parties' recognition of the incompleteness of the divorce judgment and their independent requests that the trial court make the earlier judgment whole by supplying the missing "Exhibit A" authorized the trial court to exercise its equitable jurisdiction and supply the missing document. OCGA §§ 23-1-3; 23-1-7; 23-1-8.

2. Mr. Brown also contends that the trial court erred in entering a judgment that relied on the telephone deposition of a property appraiser which was purportedly taken without proper notice to Mr. Brown and without the deponent having been sworn in the presence of a proper officer. See OCGA § 9-11-30 (f). Admitting the deposition into evidence, if error, was harmless in light of the other evidence in the record concerning the value of the homeplace.

3. The trial court based its award of post-judgment interest on its determination that "the judgment and decree of divorce is sufficient to trigger the provisions of OCGA § 7-4-12. . . ." That statute mandates that all judgments bear interest "upon the principal amount recovered" at the rate of 12 percent per annum from the date of rendition, regardless of whether the judgment specifically provides for an award of interest. *Nodvin v. West*, 197 Ga. App. 92 (2) (397 SE2d 581) (1990). In light of the statutory requirement that post-judgment interest accrues from the date the judgment is rendered, the trial court's award of post-judgment interest from the date of Mr. Brown's last equity payment is erroneous. What is left for determination is whether post-judgment interest accrued from the date of the divorce judgment.

OCGA § 7-4-12 mandates that all judgments bear interest "upon the principal amount recovered . . . ," thereby presupposing the rendition of a judgment for a sum certain, or for an amount mathematically determinable without reliance upon additional evidence. See *Pico v. Mickel*, 138 Ga. App. 856, 858 (230 SE2d 488) (1976). In the case at bar, "the principal amount recovered" was not ascertained until the trial court's 1994 judgment. Consequently, the award of post-judgment interest based on the 1989 divorce judgment was erroneous and must be stricken.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Jones, Boykin & Associates, Noble L. Boykin, Jr.,* for appellant.
*Julian H. Toporek,* for appellee.