## S95A0699. McCLURE v. RAPER et al.
(463 SE2d 125)

HINES, Justice.

Defendant Bobby Wayne McClure appeals a judgment awarding damages and imposing a constructive trust following a jury verdict in favor of his former wards, his niece, Barbara Ann McClure Raper, and his nephew, Gary DeWayne McClure, in this action for breach of fiduciary duty and fraud. Appellant also challenges the denial of his motions for new trial and for judgment notwithstanding the verdict and other adverse rulings including the denial of his motion for summary judgment. At issue are the timeliness of the action, the sufficiency of the evidence, and the court's instruction to the jury. We affirm in part and reverse in part.

A ward's cause of action against a former guardian in connection with the settlement of the ward's account accrues on the date of the final settlement. *Jordan v. Harber*, 172 Ga. 139, 159 (5) (157 SE 652) (1931). If the settlement is procured by the guardian's fraud, the statute of limitation does not run until discovery of the fraud or in the exercise of ordinary diligence, the fraud would have been discovered. *Shipman v. Horizon*, 245 Ga. 808 (267 SE2d 244) (1980); *Stidham v. Sims*, 74 Ga. 187, 190 (1884). A failure to exercise ordinary diligence may be excused when there exists an ongoing relationship of trust and confidence that deters the discovery of the fraud. See *Morris v. Johnstone*, 172 Ga. 598, 606 (158 SE 308) (1931). The fact that the parties once were guardian and ward, however, may not forever excuse the former ward from the duty to exercise the required degree of diligence. *Bennett v. Bird*, 139 Ga. 25, 28 (76 SE 568) (1912) (after majority, the former ward had to avail herself of means of information she had).

In the present case, there is a lack of evidence to support the jury's verdict that Gary McClure's claims were timely. See OCGA § 9-3-27. The guardianship terminated in 1980 upon Gary reaching his majority, and the evidence is silent on any purported settlement of account with Gary. The action was not filed until November 25, 1991, and Gary's claims were not asserted until January 28, 1993, when by consent he was added as a party. Gary did not testify at trial; indeed, he did not even appear. There was no evidence of an ongoing relationship between Gary and the appellant. The only evidence presented at trial regarding Gary's knowledge of appellant's fraud was Raper's testimony about appellant's lack of disclosure. As to Gary, this testimony was hearsay and had no probative value. *Eastlick v. Southern R. Co.*, 116 Ga. 48, 49 (42 SE 499) (1902). Thus, Gary failed to meet his burden to establish facts that would render his claims within the statute of limitation or toll its running, and the verdict and judgment in favor of Gary cannot stand. See *Indon Indus. v. Charles S. Martin*

*Distrib. Co.*, 234 Ga. 845, 848 (218 SE2d 562) (1975).

2. Appellant's remaining enumerations of error either are without merit or were not preserved for appellate review.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 13, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995.

*Jones, Copeland, Lefkowitz & Greer, Taylor W. Jones, Rebecca A. Copeland*, for appellant.

*Timothy P. Healy*, for appellees.