S03A1433. McCLURE et al. v. RAPER.
(594 SE2d 330)

HUNSTEIN, Justice.

Bobby McClure and Taylor Jones appeal from a declaratory judgment resolving the viability of a consent judgment regarding a two and one-half acre tract of real property. The record shows that in 1991 appellee Barbara Raper sued her uncle, appellant Bobby McClure, for an accounting and was awarded an undivided one-third interest in two tracts of real property that McClure owned.[1] One

---

[1] The parties have had other related legal proceedings reviewed by this Court. See

tract was the two and one-half acre parcel at issue; the other was an eight acre parcel that McClure sold to appellant Taylor Jones. Thereafter, in January 1997, Raper filed a partition action against McClure, Jones, and the two parcels of land, seeking to partition the two tracts of real property. The parties reached a settlement agreement and the court entered a consent decree in February 2000. With regard to the two and one-half acre parcel, the parties agreed it would be sold at a public sale in a manner similar to foreclosure sales and that Raper and McClure were entitled to bid at the public sale.[2] The consent order, prepared by Raper's counsel, provided that the successful bidder would be responsible for payment of outstanding property taxes on the parcel but erroneously stated elsewhere that the taxes amounted to $240. On the day of the sale, McClure publicly announced he had verified that the past due tax liability on the parcel exceeded $2,600. The sale commenced, both Raper and McClure bid on the parcel, and Raper had the highest bid. Raper thereafter refused to finalize the transaction and purported to rescind the bid due to the $2,600 tax liability.

More than a year later, Raper filed a petition for declaratory judgment seeking a declaration of her rights as to: (a) whether she had lawfully rescinded the bid at the public sale, and (b) whether all issues pending in the previously filed petition for partition and accounting were settled. In response, appellants claimed that Raper had no right to rescind and further contended that in attempting to rescind she lost her undivided one-third interest in the two and one-half acre tract. After oral argument and consideration of affidavit evidence, the trial court ruled that Raper wrongfully sought to rescind the public sale bid, she had not lost her interest in the property, and the parties were ordered to belatedly close the transaction as required by the consent order. Appellants appeal contending that declaratory relief was not appropriate, that the trial court improperly modified and amended the consent order, and, in the alternative, that they are entitled to an award of post-judgment interest. Finding no error, we affirm.

1. Appellants contend the trial court erred in granting declaratory relief to Raper because there was no controversy with regard to her rights under the consent order. We disagree. Declaratory relief was appropriate to relieve Raper of uncertainty and insecurity with regard to her property rights. See OCGA § 9-4-1; *Cobb County v. Ga.*

---

*McClure v. Raper*, 266 Ga. 60 (463 SE2d 125) (1995).

[2] The consent order provided that Jones would pay Raper for her one-third interest in the eight acre tract. In return, Raper agreed to execute a quitclaim deed conveying her interest in the property to Jones. The provisions of the consent decree regarding the eight acre tract are not at issue in this appeal.

*Transmission Corp.*, 276 Ga. 367 (4) (578 SE2d 852) (2003). See also *Royal v. Royal*, 246 Ga. 229 (271 SE2d 144) (1980) and *Maddox v. Superior Rigging & Erecting Co.*, 195 Ga. App. 114 (393 SE2d 42) (1990) (declaratory judgment actions regarding settlement agreements between the parties). The settlement agreement incorporated into the February 2000 consent decree provided that the current tax liability against the property was $240 and that such liability would be satisfied by a third party purchaser. In a separate provision, the decree provided that if Raper were the high bidder for the property at public sale, she would pay to McClure two-thirds of the purchase price and would be responsible for the payment of past due property taxes in the amount of $240. Contrary to appellants' assertions, the unclear provisions in the decree concerning the amount of tax liability and the amount to be paid by Raper if she were the high bidder authorized the use of declaratory relief to ascertain the parties' rights and duties. See *Brown v. Brown,* 265 Ga. 725 (1) (462 SE2d 609) (1995).

2. We reject appellants' contention that the declaratory judgment order improperly altered or modified the original consent decree. The trial court resolved the conflict in the decree over the property tax provisions and held that Raper was obligated to abide by the original consent decree and directed her to proceed with the transaction and to pay the outstanding property taxes in accordance with the decree. The order simply sets forth the rights and obligations of the parties under the decree. Compare *Rozier v. Davis/Smith Mortgage Corp.*, 193 Ga. App. 340 (2) (387 SE2d 627) (1989). See also *Imperial Massage & Health Studio v. Lee*, 231 Ga. 482 (2) (202 SE2d 426) (1973). Accordingly, Raper is obligated to pay the actual amount of outstanding property taxes as provided by the consent decree.

3. On his own behalf, McClure contends the trial court erred in failing to award post-judgment interest under OCGA § 7-4-12 based on the monies he was due after the public sale of the two and one-half acre tract. We disagree. Under Georgia law, "[a]ll judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year unless the judgment is rendered on a written contract or obligation providing for interest at a specified rate. . . ." Id.[3] This statute presupposes "the rendition of a judgment for a sum certain, or for an amount mathematically determinable without reliance upon additional evidence. [Cit.]" *Brown*, supra, 265 Ga. at 727 (3). No such money judgment has been entered against Raper and, therefore, the trial court did not err in denying McClure's

---

[3] OCGA § 7-4-12 was amended in 2003 to provide for annual interest at a rate equal to prime plus 3 percent. The amended code section applies to all civil actions filed on or after July 1, 2003, id. at (d), and thus, is not applicable in this case.

request for post-judgment interest.
*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 2004.

*Jones, Jensen & Harris, Taylor W. Jones, Richard E. Harris*, for appellants.
*Healy & Svoren, Timothy P. Healy*, for appellee.