297 Ga. 21
FINAL COPY

S15A0041.  POLLARD v. POLLARD.

BENHAM, Justice.

This appeal arises out of a divorce action filed by appellant Kayleen Pollard (Wife) against Brian Pollard (Husband).  A bench trial was conducted, after which the final judgment and decree was entered July 31, 2013.  Wife retired in 2012 after the divorce complaint was filed, and she commenced receiving retirement benefits from the Teachers Retirement System of Georgia prior to the date the final judgment was entered.  Wife elected not to provide for survivor benefits, thereby entitling her to receive the maximum monthly benefits during her life.  Further, the final judgment recited the Husband had already named Wife as the sole beneficiary with survivorship rights of his pension plan, which he was ordered not to change for so long as Wife is alive, and Wife was ordered to "restore" Husband as her sole beneficiary with survivorship rights within thirty days of the date of the order.  By the time the final judgment was entered, however, Wife was precluded from changing her survivor benefits election.  Whether or not she was aware it was too late to provide for survivor benefits, she apparently did not disclose this fact to the trial court or to Husband.

When Husband discovered Wife's failure to comply with this provision on the ground of legal impossibility, he filed a pro se action for contempt.

In the order entered in response to the petition for contempt, the trial court questioned how Wife was able to remove her then-husband as the survivor beneficiary of her plan without notifying him, but noted that this apparently occurred. The trial court further found that it was impossible for Wife to comply with the order since she had already commenced receiving benefits prior to the final decree and was now precluded from making the ordered change. The court found the final decree contemplated Husband's receipt of a portion of Wife's pension if he survived her, which the judge concluded would be between $1,414 and $1,433 per month, depending upon which plan was chosen. The order did not find Wife to be in contempt, but the trial court ordered Wife to take out a life insurance policy in an amount not less than $50,000 naming Husband as the sole beneficiary, or alternatively, to establish a bank account payable on her death to Husband in an amount not less than $50,000. This Court granted Wife's application for discretionary appeal of the trial court's contempt order to address whether the contempt order improperly modified the divorce decree, and specifically directed the parties to consider this Court's

2

previous holdings in *Cason v. Cason*[1] and *Smith v. Smith.*[2]  We find that it did, and reverse.

It is well settled that a court may not modify a divorce decree in a contempt order, but may interpret and clarify its previous decree.  See, e.g., *Kaufmann v. Kaufmann*, 246 Ga. 266, 268 (3) (271 SE2d 175) (1980).  "The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification."  Id.  Where, as here, the trial court awards an asset in a contempt proceeding that differs from that which was  awarded in the divorce decree,

> we look to the nature of the asset the trial court awarded . . . to determine whether it is equivalent to the asset [awarded in the] divorce proceedings.  If it was in essence the same asset, the court did not improperly modify the terms of the [decree], but merely construed the relevant provision to determine the intent of the [decree].  Conversely, if the court used the contempt proceeding to substantially alter the final decree, it amounted to an unauthorized modification.

*Cason*, supra, 281 Ga. at 297-298.  We agree with Wife that the contempt order in this case impermissibly modified the terms of the divorce decree addressing

---

[1] 281 Ga. 296 (637 SE2d 716) (2006).

[2] 281 Ga. 204 (636 SE2d 519) (2006).

her obligation to provide survivor pension benefits to Husband.

In *Cason*, the final decree awarded the wife a stream of equity dividend payments from an agricultural cooperative membership held by the husband that the parties expected the cooperative would pay over a number of years. During the period of time payments were to be made to the wife, the cooperative was converted to a for-profit corporation and the equity position held by the husband was converted to cash and common stock. Consequently, it was impossible for the wife to continue to receive the equity dividend payments awarded in the final decree. In a contempt proceeding brought by the wife, the court ordered the husband to deliver to the wife a sum of cash and corporate stock in lieu of her interest in the former equity account. The trial court was able to arrive at the amount of the award by tracing the value of the wife's interest in the equity account, during the years she was entitled to dividend payments, to the stock and cash the husband received in lieu of such payments. Accordingly, this Court affirmed the trial court's award of assets in the contempt proceeding and found it "was a reasonable clarification because it was consistent with the intent and spirit of the final decree." Id. at 298. See also *Doritis v. Doritis*, 294 Ga. 421 (754 SE2d 53) (2014) (contempt order requiring the husband to pay the wife the

4

difference between the value of the jewelry he was ordered in the divorce decree to deliver to her and the value of the jewelry he actually delivered to her after he had sold certain pieces was not a modification of the original award but reflected a reasonable calculation of the value of the assets owed to the wife).

In the case now before us, however, the contempt order cites no evidence and contains no analysis to support a conclusion that a $50,000 asset to be paid to Husband upon Wife's death is in any way the equivalent to naming Husband as beneficiary with survivorship rights to Wife's pension. For example, the order references evidence that Husband stood to receive monthly payments of either $1,414 or $1,433 if he had been named the beneficiary of Wife's pension. This contingent event, however, requires Husband to survive Wife, and no evidence was cited nor any conclusion reached regarding the relative life expectancy of either party or the cash value of the pension benefits awarded to Husband in the divorce decree. In sum, the order provides no support for the conclusion that a $50,000 payable-on-death account or a life insurance policy that would pay $50,000 to Husband if he survives Wife is the equivalent to the estimated value to Husband of the contingent pension survivor benefits. Furthermore, unlike the contempt award in *Cason*, the funds Wife would be

5

required to expend in order to comply with the contempt award are not traceable to any value of the original award or to any asset held by Wife that she was to convey to Husband. Applying the standard set forth in *Cason*, neither the $50,000 account nor the $50,000 life insurance policy is "in essence the same asset" as the benefit awarded to Husband in the divorce decree. See 281 Ga. at 297-298.

Instead, the facts of this case are more akin to those in cases in which this Court has found the trial court's contempt order amounted to an improper modification of the terms of the original divorce decree. For example, *Morgan v. Morgan*, 288 Ga. 417 (704 SE2d 764) (2011), also involved a final decree that addressed retirement benefits. Pursuant to the parties' settlement agreement, which was incorporated into the decree, the wife was entitled to receive from the husband's military retirement benefits "'only such portion of such benefits as the Navy requires be paid to her.'" Id. at 417. As the parties later discovered, the Navy did not require any division of the husband's retirement benefits to be paid to the wife, and the wife brought a contempt action when the husband refused to enter into an Agreed Domestic Relations Order (ADRO) granting her fifty percent of his retirement benefits. Alternatively, the wife sought an order

6

setting aside the divorce decree on the ground of mutual mistake of the parties. Id. at 417-418. The trial court found the parties had a mutual misunderstanding of the Navy's regulations relating to a former spouse's share of retirement pay, but, instead of setting aside the decree, the trial court purported to interpret the agreement to arrive at terms it believed would carry out the parties' intent. Because the parties had agreed to divide their other marital assets approximately evenly, the trial court concluded the parties also intended to divide the marital portion of the husband's retirement benefits evenly, and thus awarded the wife fifty percent of the retirement benefits that accrued during the marriage. It also found the husband in contempt for refusing to sign the ADRO. Id. at 419. This Court reversed the contempt order, finding the trial court had made an unauthorized modification of the final decree by substituting a specific allocation of the husband's retirement benefits for what we acknowledged was "the parties' ill-advised deference to the Navy . . . ." Id. at 420 (2).[3]

---

[3] See also *Friday v. Friday,* 294 Ga. 687 (755 SE2d 707) (2014) (where the divorce decree provided for an equitable division of the parties' retirement assets, that portion of the contempt order requiring the husband to pay child support arrearages from his retirement accounts constituted a reapportionment and thus an improper modification of the decree); *Jett v. Jett,* 291 Ga. 56 (727 SE2d 470) (2012) (where the divorce decree adopted the parties' settlement agreement that net proceeds from the sale of the marital residence would be divided equally or, if house was refinanced, husband would pay wife half of the home's equity, the contempt order requiring husband to sell all available assets to pay down the mortgage and hold the wife harmless from any deficiency owed on the mortgage upon the sale of the home was clearly a modification of the decree); *Greenwood v.*

We noted, however, that our reversal of the contempt order did not leave the parties without recourse with respect to the controversy over allocation of retirement benefits. In *Morgan*, in addition to filing a motion for contempt, the wife, alternatively, sought an order setting aside the divorce decree on the ground of mutual mistake. Id. at 418. Consequently, the case was remanded for the trial court's consideration of the motion to set aside the decree. Id. at 420, n. 2.

Likewise, in *Smith*, supra, the contempt order was reversed because we found it effectively nullified the award of certain assets to the wife in the divorce decree. The final decree in *Smith* set forth a detailed scheme whereby the parties' marital property was to be divided, including the requirement that the husband make a number of cash payments along with transfers of stock and other assets to the wife. 281 Ga. at 204. When the husband failed to make certain payments and transfers, the wife filed a contempt action. The trial court found the husband was not in contempt and that his non-compliance was excused as a result of the impossibility of performance since many of the assets

---

*Greenwood,* 289 Ga. 163 (709 SE2d 803) (2011) (where the divorce decree required the husband to refinance the marital residence by a date certain, or to pay the wife a penalty of $10,000 if the date were not met, a contempt order converting the penalty to a lien upon the residence and giving the husband an indefinite time to sell or refinance was an improper modification and was thus reversed).

8

identified in the award to the wife had been spent or depleted, even though this Court noted that the depletion of assets was largely due to the husband's own conduct. Most importantly, we found the trial court's order substantially modified the decree by effectively nullifying the awards of certain assets to the wife and altering the amounts to be paid to her from other assets. We noted that if the husband wished to attack the final decree, he could have filed a timely direct appeal or a motion to set aside the judgment. The contempt order was reversed and the case remanded to the trial court because, "[s]imply put, the contempt proceeding was not the vehicle to alter the decree." Id. at 207.

In this case, the contempt order improperly altered and modified the original decree; it did not merely clarify the terms of the decree. Consequently, the order is reversed, and the case is remanded for consideration consistent with this opinion.[4]

Judgment reversed and case remanded. All the Justices concur.

_____

[4] We also note that because it is impossible for Wife to comply with the original decree's requirement to name Husband as the beneficiary with survivorship rights in her pension plan, Husband may have grounds to set aside the final decree in order to seek a final resolution that reflects the division of assets originally contemplated by the parties.

Decided April 20, 2015.

Domestic relations. Fulton Superior Court. Before Judge Downs.

Hamilton Legal Services, Frank W. Hamilton, Kimberly Colmey, for appellant.

Brian Pollard, pro se.