**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 30, 2025**

# In the Court of Appeals of Georgia

A25A1412. KEESE v. KEESE.

FULLER, Senior Judge.

Belinda Jean Keese appeals from the trial court's order on her motion for contempt and her ex-husband's motion for declaratory judgment. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

Belinda and Carl James Keese divorced in 2011, and both parties represented themselves during the proceedings. The parties' settlement agreement was incorporated into and made a part of the divorce decree. Pursuant to the settlement agreement, Belinda was awarded the parties' marital residence in White, Georgia; Carl agreed to transfer title of the property to Belinda; and Belinda was to pay off or refinance the loan on the property. However, the settlement agreement contained no

deadlines for the transfer of title or refinancing.[1] At the time of the divorce, the house was worth approximately $150,000, and the parties owed $158,000 on the mortgage. The settlement agreement also contained the following modification provision:

> Any modification or waiver of any of the provisions of the Agreement shall be effective only if made in writing and executed by both parties with the same formality as this Agreement. The failure of either party to insist upon strict compliance with any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same [or] similar nature.

In 2024, Belinda filed a contempt action, asserting that Carl had failed to transfer title of the marital residence to her. In his answer, Carl asserted that he had been living in the house since 2014, he had been paying the mortgage and other related expenses, and Belinda had failed to refinance or pay off the mortgage. He thus moved for a declaratory judgment awarding him sole possession of the property.[2] Belinda filed

---

[1] The Agreement provided that Belinda agreed to "pay off or refinance property loan within ____ months of judgment."

[2] Although styled as a motion, Carl included his request for declaratory relief in his answer. A declaratory judgment is an appropriate means for determining rights and duties set forth in a divorce decree. See *Royal v. Royal*, 246 Ga. 229, 230 (271 SE2d 144) (1980). But we question whether Carl was authorized to seek such relief in his answer to Belinda's contempt action. See generally *Mullins-Leholm v. Evans*, 322 Ga. App 869, 871 (1) (746 SE2d 628) (2013) (because a contempt petition is not a new

a motion for summary judgment on her contempt action, asserting that she had established that Carl was in contempt because he had failed to execute a deed conveying his interest in the property to her.

The matter proceeded to a hearing in September 2024, at which Belinda testified that Carl had failed to transfer title to her when she asked him to do so in January 2024. She also testified that she had been working as a travel nurse and Carl had been living in the house since 2014, and that he had paid the mortgage on the house "in lieu of rent." However, Carl testified that there was no discussion of him renting the property. Rather, he testified that in 2013, Belinda told him that she "didn't want the house" and she was going to file for bankruptcy and "let the house go." He asserted that he told Belinda that he would take the house, and he had been making the mortgage payments and maintaining the property since then. At the time of the hearing, according to Carl, the balance of the mortgage was approximately $91,000 and the house was worth around $320,000.

---

action, a respondent may not file a counterclaim in response).

In a January 2025 order, the trial court found that Carl was not in contempt of the divorce decree because it provided no deadline for him to transfer title and was thus ambiguous. As such, the court denied Belinda's action for contempt and her motion for summary judgment. The court further found a justiciable issue as to which party was the rightful owner of the marital residence. Noting that Carl had paid the mortgage and made investments in the property since the divorce, the property had substantially increased in value, and Carl had relied on an oral statement by Belinda that he should "take" the property, the court concluded that the parties had modified their settlement agreement and, as a result, Carl was the rightful owner of the property. The court thus granted Carl a declaratory judgment.

Following the trial court's ruling, Belinda filed an application for discretionary review, which this Court granted. This appeal follows.

1. Belinda contends the trial court erred in refusing to find Carl in contempt of the divorce decree.[3] We disagree.

"A trial court has broad discretion to determine if a party is in contempt of its order, and the exercise of that discretion will not be reversed on appeal unless grossly

---

[3] We have taken Belinda's claims of error out of order.

abused." *Cross v. Ivester*, 315 Ga. App. 760, 761 (728 SE2d 299) (2012) (citation and punctuation omitted).

"Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied." *Farris v. Farris*, 285 Ga. 331, 333 (1) (676 SE2d 212) (2009) (citation and punctuation omitted). And of course, in order to hold a party in contempt, a trial court must find that the party wilfully disobeyed a court order. *Claybrooks v. Claybrooks*, 364 Ga. App. 157, 158 (1) (874 SE2d 190) (2022).

Here, the trial court pointed to the fact that the settlement agreement contained no deadline or definite terms with regard to when or how Carl was to transfer title to Belinda. Because of this ambiguity in the settlement agreement, the trial court determined that it could not find Carl in wilful contempt. We find no gross abuse of discretion in the trial court's finding that Carl was not in wilful contempt in light of the failure of the settlement agreement to set a deadline for the transfer of title and the parties' behavior in the years since the divorce. See, e.g., *Morgan v. Morgan*, 288 Ga. 417, 419 (1) (704 SE2d 764) (2011) (reversing trial court's finding of contempt

"[g]iven the trial court's express finding of ambiguity in the provisions" of the divorce decree); *Chatel v. Carroll*, 366 Ga. App. 643, 647 (1) (883 SE2d 860) (2023) (reversing finding of wilful contempt "because the settlement agreement contained no method for the calculation of taxes"). See generally *Koules v. SP5 Atlantic Retail Ventures*, 330 Ga. App. 282, 285 (2) (767 SE2d 40) (2014) (explaining that a proper application of the abuse-of-discretion review "recognizes the range of possible conclusions the trial judge may reach"). Thus, the trial court's refusal to find Carl in wilful contempt is affirmed.

2. Belinda also asserts that the trial court erred in refusing to allow her to argue her motion for summary judgment. We find no error.

A party "cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal." *Cousin v. Tubbs*, 353 Ga. App. 873, 877 (2) (840 SE2d 85) (2020) (punctuation and footnote omitted). She must stand her ground. See id. Relatedly, "one cannot complain of a judgment, order, or ruling that [her] own procedure or conduct procured or aided in causing." Id. (punctuation and footnote omitted).

Although Belinda filed a request for oral hearing on her motion for summary judgment, at the subsequent hearing, Belinda's counsel stated that she had "no issue just moving past" the motion for summary judgment and deciding the merits of Belinda's motion and Carl's counterclaims "right here, right now." Because Belinda acquiesced to the trial court "moving past" the motion for summary judgment, she cannot now complain of the same on appeal. See *Cousin*, 353 Ga. App. at 877 (2).

3. Finally, in several related claims of error, Belinda contends the trial court improperly modified the divorce decree when it awarded Carl the marital residence by declaratory judgment. We agree.

Declaratory judgments are the means "by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done." *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999) (citation and punctuation omitted). They are "not intended to be used to set aside, modify, or interpret judicial decrees or judgments," nor do declaratory judgments "authorize a petitioner to brush aside previous judgments of the same court, and seek a determination of his rights as if they had never been adjudicated." *Merchant Law Firm, P.C. v. Emerson*, 301 Ga. 609, 616 (2) (b) (800 SE2d

7

557) (2017) (citation and punctuation omitted). "The only exception to this rule is where a petitioner is seeking to ascertain one's rights and duties under a judgment that contains unclear or ambiguous language." Id.; accord *Royal v. Royal*, 246 Ga. 229, 230 (271 SE2d 144) (1980) (explaining that "a declaratory judgment is an appropriate means of ascertaining one's rights and duties under a contract and decree of divorce" if any provisions are ambiguous or unclear) (citation and punctuation omitted).

Furthermore, although "the trial court has broad discretion to determine whether a divorce decree has been violated and has authority to interpret and clarify the decree, it does not have the power in a contempt proceeding to modify the terms of the decree." *Berry v. Berry*, 351 Ga. App. 731, 733 (1) (832 SE2d 881) (2019) (citation and punctuation omitted); see *Pollard v. Pollard*, 297 Ga. 21, 22 (771 SE2d 875) (2015) ("a court may not modify a divorce decree in a contempt order, but may interpret and clarify its previous decree"). "The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." *Pollard*, 297 Ga. at 22 (citation and punctuation omitted). And as relevant here, it is the function of the court to construe a contract, such as the

settlement agreement, "as written and not to make a new contract for the parties." *Berry*, 351 Ga. App. at 733 (1) (citation and punctuation omitted).

Applying these general principles to the facts of this case, the trial court erred in modifying the divorce decree in its order on contempt and declaratory judgment. The final divorce decree explicitly awarded the marital residence to Belinda and ordered Carl to transfer title to her. The transfer of the property from Carl to Belinda was clear and unambiguous, even if, as discussed in Division 1, the deadline was not. Cf. *Royal*, 246 Ga. at 230 (holding that language in divorce decree "setting aside" property "to" wife "for the purpose of making a home for herself and the children" was ambiguous as to whether it "intended to confer fee simple title to the property or some limited estate").

In light of the clear language awarding the property to Belinda and the absence of any written modification of the settlement agreement, the trial court erred in finding that, based on the parties' subsequent actions, Carl was the "rightful owner" of the residence that had been awarded to Belinda. See *Darroch v. Willis*, 286 Ga. 566, 570 (3) (690 SE2d 410) (2010) (reversing trial court's contempt order because although it could "be seen as creative and reasonable[,]" it violated "the firm rule we

have established against modifying the property division provisions of a final divorce decree"); *Smith v. Smith*, 281 Ga. 204, 206-207 (2) (636 SE2d 519) (2006) (reversing trial court's contempt order when court "nullified" wife's stock awards and supplemental alimony, altered payments of the wife's shares in husband's IRA, and significantly reduced wife's attorney fee award); *Stone v. Stone*, 358 Ga. App. 231, 232-234 (854 SE2d 570) (2021) (reversing trial court's order requiring wife to sell home that she was awarded in final divorce decree). Thus, the portion of the trial court's order awarding the marital residence to Carl is reversed and the case remanded for further proceedings consistent with this opinion.[4]

*Judgment affirmed in part and reversed in part, and case remanded. Dillard, P. J., and Mercier, J., concur.*

---

[4] Belinda also contends the trial court erred by considering facts not in evidence and misconstruing the record in determining that the house should be awarded to Carl and in failing to consider whether parties had entered into a tenancy at will. Because we reverse the trial court's award of the marital residence to Carl, we need not consider these additional arguments here.